Fee Paid

FILED
CLERK, U.S. DISTRICT COURT

**9/25/18**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CP _____ DEPUTY

**Lewis R. Landau** (SBN 143391)
**Attorney-at-Law**
22287 Mulholland Highway, #318
Calabasas, California  91301
Voice & Fax:  (888) 822-4340
*Email: Lew@Landaunet.com*

Related DDJ

Attorney for Defendants, John C. Kirkland, individually and
Poshow Ann Kirkland, solely as Trustee of the Bright
Conscience Trust Dated September 9, 2009

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

2:18-cv-8323 DSF

In re,

EPD Investment Company, LLC and
Jerrold S. Pressman,

           Debtors.

Jason M. Rund, Chapter 7 Trustee,

           Plaintiff,

    v.

John C. Kirkland, an individual and
Poshow Ann Kirkland, solely as
Trustee of the Bright Conscience Trust
Dated September 9, 2009,

           Defendants.

Dist. Ct. No. ~~2:18-cv-01413 DSF~~

Bankruptcy Court:
Case No.: 2:10-bk-62208-ER (Chapter 7)
Adv. No.: 2:12-ap-02424-ER

**NOTICE OF MOTION AND
MOTION BY DEFENDANTS JOHN
C. KIRKLAND AND POSHOW ANN
KIRKLAND AS TRUSTEE TO
WITHDRAW REFERENCE TO
BANKRUPTCY COURT;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF
LEWIS R. LANDAU**

**DEMAND FOR TRIAL BY JURY**

Date:  October 29, 2018
Time:  1:30 pm
Place:  Courtroom 7D
       Judge Dale S. Fischer
       350 West 1st Street
       Los Angeles, California  90012

1
2

**TABLE OF CONTENTS**

**Page**

3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

4

I.     INTRODUCTION. ................................................................................ 3

5

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY. ....................... 5

6

III.   ARGUMENT ..................................................................................... 8

7

        A.    Applicable Legal Standard. .................................................... 8

8

        B.    This Motion to Withdraw the Reference is Timely. ............................ 12

9

        C.    The Bankruptcy Court Cannot Conduct the Jury Trial Now Required in this Adversary Proceeding. ................................................ 12

10

        D.    Withdrawal of the Reference Will Not Encourage Forum Shopping. ...................................................................... 13

11

        E.    Withdrawal of the Reference of the Adversary Proceeding as to Both Defendants Will Conserve Court and Party Resources. ............. 14

12
13

IV.   CONCLUSION .................................................................................. 15

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## CASES

4

5
Am. Coal Co. v. Enron N. Am. Corp. (In re Enron Corp.)
    No. 03 Civ. 1727 (LTS), 2003 U.S. Dist. LEXIS 19543
6
    (S.D.N.Y. 2003) ........................................................................... 12

7
In re Basile
8
    472 B.R. 147 (Bankr. D. Mass. 2012) ........................................ 10

9
Beacon Theatres, Inc. v. Westover
    359 U.S. 500 (1959) .................................................................... 10
10

11
Big Rivers Elec. Corp. v. Green River Coal Co.
    182 B.R. 751 (W.D.Ky. 1995) ................................................... 11
12

13
In re Billingham Ins. Agency, Inc.
    702 F.3d 553 (9th Cir. 2012), *aff'd* 134 S.Ct. 2165 (2014) ......... 1, 8, 12
14

15
Canter v. Canter
    299 F.3d 1150 (9th Cir. 2002) ................................................... 13

16
Curtis v. Loether
17
    415 U.S. 189 (1974) .................................................................... 10

18
In re Daewoo Motor America, Inc.
19
    302 B.R. 308 (C.D.Cal. 2003) ...................................................... 9

20
Dairy Queen, Inc. v. Wood
21
    369 U.S. 469 (1962) .................................................................... 10

22
In re EPD Inv. Co., LLC
    821 F.3d 1146 ...................................................................... 1, 4, 8, 12
23

24
Granfinanciera, S.A. v. Nordberg
    492 U.S. 33 (1989) ........................................................................ 8
25

26
Hamilton v. State Farm Fire & Cas. Co.
    270 F.3d 778 (9th Cir. 2001) ..................................................... 11

27
In re Healthcentral.com,
28
    504 F.3d 775 (9th Cir. 2007) ............................................... 1, 8, 12

ii

In re Heller Ehrman LLP
    464 B.R. 348 (N.D.Cal. 2011)...................................................................9

Herbst Gaming, Inc. v. Insurcorp
    No. 3:10-cv-00231-RCJ-RAM, 2010 U.S. Dist. LEXIS 137691 (D.
    Nev. Dec. 29, 2010)..............................................................................14

Heyman v. Kline
    456 F.2d 123 (2d Cir.), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34
    L.Ed.2d 88 (1972)...................................................................................9

In re IQ Telecommunications, Inc.
    70 B.R. 742 (N.D.Ill. 1987)...................................................................11

Langenkamp v. Culp
    498 U.S. 42 (1990) ..................................................................................8

Lytle v. Household Mfg., Inc.
    494 U.S. 545 (1990) ...............................................................................10

Marshak v. Tonetti
    813 F.2d 13 (1st Cir. 1987) ....................................................................10

Mastro v. Rigby
    764 F.3d 1090 (9th Cir. 2014) ................................................................12

New Hampshire v. Maine
    532 U.S. 742 (2001) ...............................................................................11

Okla. Natural Gas Co., Div. of ONEOK, Inc. v. Mahan & Rowsey, Inc.
    48 B.R. 767 (Bankr. W.D, Okla. 1985) *aff'd*, 786 F.2d 1004
    (10th Cir. 1986) ......................................................................................14

Ross v. Bernhard
    396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) ...............................9

Security Farms v. Int'l Bhd. Of Teamsters, etc.
    124 F.3d 999 (9th Cir. 1997)..............................................................8, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# STATUTES

11 U.S.C. § 157(c) ........................................................................... 14

28 U.S.C.
 § 157(d) .................................................................... 1, 3, 8, 12
 § 157(e) ........................................................................ 12, 13

# RULES

Federal Rule of Civil Procedure 38(b) .......................................... 2

Federal Rules of Bankruptcy Procedure
 5011 ........................................................................... 1, 3, 8
 9015(b) ............................................................................. 9

Local Bankruptcy Rules
 5011-1 ........................................................................... 1, 3
 9015-2(g) ......................................................................... 12

Local Rule 7-3 ................................................................................ 2

Rule 9 (5011-9) of Chapter IV of the Local Civil Rules ........................ 1, 3

TO THE COURT, AND TO PLAINTIFF JASON M. RUND, AS CHAPTER 7 TRUSTEE FOR EPD INVESTMENT COMPANY, LLC AND JERROLD S. PRESSMAN, AND HIS ATTORNEYS OF RECORD:

***PLEASE TAKE NOTICE THAT*** on the date and time set forth above, Defendant John C. Kirkland and Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009 ("BC Trust") (collectively "Defendants") will and hereby do move, jointly and individually, to withdraw the reference of the captioned adversary proceeding ("Adversary Proceeding") to the United States Bankruptcy Court for the Central District of California, Los Angeles Division. This motion is brought pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rule of Bankruptcy Procedure, Rule 5011-1 of the Local Bankruptcy Rules - Central District of California, and Rule 9 (5011-9) of Chapter IV of the Local Civil Rules - Central District of California.

There is good cause for this Court to immediately withdraw the reference of the Adversary Proceeding to the bankruptcy court for the following reasons:

1.      This case involves claims of fraudulent conveyance and related claims based on the same common set of operative facts and is ready for trial. The Ninth Circuit has held that the bankruptcy court cannot conduct a jury trial of fraudulent transfer claims absent mutual consent. *See* <u>In re Billingham Ins. Agency, Inc.</u>, 702 F.3d 553 (9th Cir. 2012), *aff'd* 134 S.Ct. 2165 (2014). John C. Kirkland has demanded a jury trial and does not consent to the bankruptcy court conducting that trial. A defendant having a right to a jury trial and who does not consent to the bankruptcy court conducting such trial has shown cause for withdrawal of the reference once the case is ready for trial. *See* <u>In re Healthcentral.com</u>, 504 F.3d 775, 788 (9th Cir. 2007); see also <u>In re EPD Inv. Co., LLC</u>, 821 F.3d 1146, 1151 (9th Cir. 2016). Accordingly, as to Defendant John Kirkland, withdrawal of the reference is now required.

2.      Any purported non-jury claims for relief are based on the same common set of operative facts as the jury trial claims. Accordingly, the claims subject to trial

1  by jury must be adjudicated before the bankruptcy court may address any non-jury

2  claims.  As to Defendant Poshow Ann Kirkland, withdrawal of the reference is

3  permissive for cause, insofar as it will promote the efficient use of judicial resources

4  and avoid (a) the risk of inconsistent results and (b) the burden of piecemeal litigation.

5       3.    Because the bankruptcy court will not be able to enter an appealable final

6  judgment in the case and bifurcating the claims for separate trials in the District Court

7  and bankruptcy court will admittedly result in piecemeal litigation and risks

8  inconsistent verdicts, judicial economy supports withdrawal of the reference of the

9  Adversary Proceeding at this time as to both Defendants.

10      This motion is based on this Notice of Motion and Motion, the Memorandum

11  of Points and Authorities and Declaration of Lewis R. Landau and the exhibits

12  attached thereto, the complete files and records in this matter, the argument of counsel

13  and such other and further matters as this Court may consider at or before the hearing

14  on this motion.

15      This motion is brought following the conference of counsel pursuant to Local

16  Rule 7-3, which occurred on September 17, 2018.

17               **DEMAND FOR JURY TRIAL**

18      Pursuant to Federal Rule of Civil Procedure 38(b), Defendant John C. Kirkland

19  demands a jury trial on all issues triable by jury.  Defendant John C. Kirkland does

20  not consent to a jury trial held before the bankruptcy court.

21  September 25, 2018          **LEWIS R. LANDAU**
                                Attorney-at-Law
22

23

24  By:  */s/ Lewis R. Landau*
                                Lewis R. Landau
25
                                Attorney for Defendants
26                              **John C. Kirkland, individually and Poshow Ann**
                                **Kirkland, solely as Trustee of the Bright**
27                              **Conscience Trust Dated September 9, 2009**

28

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION.**

3        Pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rule of Bankruptcy

4    Procedure, Rule 5011-1 of the Local Bankruptcy Rules - Central District of

5    California, and Rule 9 (5011-9) of Chapter IV of the Local Civil Rules - Central

6    District of California, Defendants submit this Memorandum of Points and Authorities

7    in support of their motion for an order withdrawing the reference of this Adversary

8    Proceeding to the United States Bankruptcy Court for the Central District of

9    California, Los Angeles Division.

10       The Court is already familiar with this case.

11       Earlier this year, the bankruptcy court issued a Report and Recommendation

12   (R&R) that the Court grant a motion for summary adjudication (MSA) on claims for

13   avoidance and recovery of allegedly fraudulent transfers asserted by Plaintiff, Jason

14   M. Rund, as the chapter 7 trustee for the bankruptcy debtors EPD Investment

15   Company, LLC (EPD), and Jerrold S. Pressman.  Defendants John C. Kirkland and

16   his wife, Poshow Ann Kirkland as trustee for the Bright Conscience Trust (BC Trust),

17   filed written objections to the R&R.  Having considered those objections and

18   additional evidence that Defendants submitted, the Court rejected the R&R, holding

19   that there were triable issues of material fact requiring a trial.  The Court decided the

20   bankruptcy court should not have dismissed defense evidence as a "sham" and

21   without foundation in order to conclude, as a matter of law, that Pressman had

22   operated EPD as a "Ponzi" scheme and that John Kirkland was an EPD "insider" who

23   was aware of the company's financial weakness.  The Court denied Plaintiff's MSA

24   on his fraudulent transfer claims.

25       Meanwhile, under its own authority the bankruptcy court had also issued a

26   Memorandum of Decision to grant Plaintiff's separate MSA on his claim for

27   disallowance and equitable subordination of the BC Trust's bankruptcy claims.  But

28

3

1 | because the bankruptcy court acknowledged its decision relied on much of the factual
2 | and legal analysis in its R&R, it deferred a final order as to the BC Trust until this
3 | Court acted on the R&R.  The bankruptcy court's rationale for the Memorandum of
4 | Decision as to the BC Trust collapsed with this Court's rejection of the reasoning and
5 | result of the R&R.

6 |      At this point, withdrawal of the reference is required as to Defendant John
7 | Kirkland, because he never consented to the jurisdiction of the bankruptcy court and
8 | the allegations against him are now ready for the jury trial in the District Court that
9 | he has consistently demanded.  Plaintiff cannot dispute that.

10 |      Furthermore, it would best serve the interests of judicial efficiency and fairness
11 | if the reference were also withdrawn as to John Kirkland's wife, Defendant Ann
12 | Poshow Kirkland, whose only involvement in the proceedings is as the trustee for the
13 | bankruptcy claimant Bright Conscience Trust (BC Trust).  As the bankruptcy court
14 | has acknowledged, the facts and the issues raised by Plaintiff's allegations overlap as
15 | to John Kirkland and the BC Trust.  Indeed, as between the two Defendants it is the
16 | conduct by John Kirkland <u>alone</u> that allegedly justifies the various claims for relief
17 | that Plaintiff alleges against the BC Trust.  <u>Permissive</u> withdrawal of the reference as
18 | to Poshow Ann Kirkland would promote judicial efficiency and economy by allowing
19 | a single trier of fact to determine those allegations concerning John Kirkland that may
20 | also affect the interests of the BC Trust.  Here, that trier of fact should be a jury in an
21 | Article III court.   Consistent with the position that Plaintiff himself has successfully
22 | taken earlier in these proceedings, a single forum for both Defendants would also
23 | avoid the risk of inconsistent results and the burden of piecemeal litigation from which
24 | the Ninth Circuit (in this very case) has held parties should be protected.  *In re EPD*
25 | *Inv. Co., LLC*, 821 F.3d 1146, 1150 (9th Cir. 2016).

26 |      The Court should grant this motion to withdraw the reference as to both
27 | Defendants in the action.

28 |

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1   **II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY.**

2           The following allegations pertinent to this Adversary Proceeding are recited

3   from the Court's Order Rejecting R&R:

4               This is one of several bankruptcy proceedings involving EPD

5           Investment Co., LLC (EPD). See Dkt. 4. In December 2010, creditors

            commenced the involuntary petition at issue here. Appendix Record

6           (REC), Dkts. 15-17, at 11982.

7               Pressman is the sole proprietor of EPD. Id. Plaintiff alleges EPD

8           has not been profitable since before 2003. Id. Between 2003 and 2009,

            EPD allegedly lost money every year. See id. Plaintiff also alleges that

9           EPD has operated as a Ponzi scheme since 2003, specifically alleging

10          that EPD used investments it received to pay existing creditors. Id. By

            2009, EPD had allegedly stopped making payments to its creditors

11          because it lacked cash infusions from new investors. Id.

12              John Kirkland served as Pressman's lawyer for his various

13          ventures and allegedly invested money in EPD. Id. The Trustee's basic

            allegation is that John Kirkland took various steps to hide EPD's

14          financial condition.

15  Doc. # 22:2.[1]

16          Plaintiff filed the fourth amended and operative complaint on October 14, 2016.

17  JR at 1:47 ("Complaint").  Plaintiff pleads six claims for relief against both John

18  Kirkland and his wife, Poshow Ann Kirkland solely as the trustee for the BC Trust.

19  JR at 1:62-69 [Complaint pp. 15-22].

20          The claims for relief set forth in the Complaint are stated as follows (emphasis

21  added):

22      1.      First Claim for Relief: Disallowance of Proofs of Claim, or, in the

23              Alternative, Equitable Subordination of Claims and Proofs of Claim

24              ***Against Defendants***.  JR 1:62.

25

26  _____

27  [1] "Doc. __" refers to the Electronic Filing System's docket entries for this Court's
    record.  A joint record ("Joint Record" or "JR") of proceedings before the bankruptcy
28  court was filed with this Court on May 15, 2018.  Doc. #s 15-17.

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

2.      Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:64.

3.      Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:65.

4.      Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:66.

5.      Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:67.

6.      Recovery of Avoided Transfers *Against Defendants*. JR 1:67.

There is a single statement of facts covering all these claims for relief in the Complaint, *each* of which names *both* John Kirkland and Poshow Ann Kirkland as defendants.  JR 1:50-62 [Complaint pages 3-15]. In particular, the Complaint's sixth claim, by which Plaintiff seeks recovery of money from Defendants that the debtors are alleged to have fraudulently transferred for the benefit of John Kirkland, is based on the same allegations of inequitable conduct by John Kirkland <u>alone</u> that the Trustee states in paragraphs 1 through 47 of the Complaint to support his first claim for disallowance and equitable subordination of the BC Trust's claims in bankruptcy.  JR 1:62-64, 67 [Complaint pages 15-17, 20].  The Complaint alleges <u>no conduct</u> by Poshow Ann Kirkland herself that would justify *any of* the relief that Plaintiff seeks.

On September 5, 2017 Plaintiff filed two motions to summarily adjudicate claims in the Complaint ("MSA").  *See* JR 1:89; 1:147.  One motion sought summary adjudication of the second, third and sixth claims for avoidance and recovery of allegedly fraudulent transfers.  The other motion sought summary adjudication of the first claim for disallowance and equitable subordination of the BC Trust's claims.

On February 17, 2018 the bankruptcy court issued decisions addressing what it (correctly) characterized as the "related" motions. JR 37:11964 [BK Doc 340, p. 3]. John Kirkland has consistently and properly stated his objection to the adjudication of any claims by the bankruptcy court. *See* Exhibit 5 hereto (joint status report filed December 31, 2013).  Accordingly, the bankruptcy court issued what was only its

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1   "Report and Recommendation" to the District Court with proposed findings
2   concerning the second, third and sixth claims for relief. JR 37:11979 ("R&R"). The
3   bankruptcy court recommended that the District Court grant Plaintiff's motion for
4   summary adjudication on those avoidance and recovery claims. JR 37:11996 [BK
5   Doc. 341 p. 18].

6         Concurrently, the bankruptcy court also entered a Memorandum of Decision
7   proposing to grant summary adjudication on Plaintiff's first claim for disallowance
8   and equitable subordination. JR 37:11962. However, in this proposed ruling the
9   bankruptcy court "note[d] that certain of the issues relevant to this matter are
10   addressed in the [R&R]. To the extent those issues are not restated herein, they are
11   incorporated by reference." JR 37:11967 [BK Doc 340, p. 6]. And because the same
12   facts were at issue on both MSAs, the bankruptcy court also decided that, "the
13   findings set forth [in the Memorandum of Decision] will not become the order of the
14   Court until the District Court acts upon the [R&R] . . . ." JR 37:11694.

15         With the Memorandum of Decision thus held in abeyance, Defendants filed
16   written objections to the bankruptcy court's R&R. Doc. # 9. On June 25, 2018 this
17   Court entered its Order rejecting the R&R. See Doc # 22. Among other things, the
18   Court decided the bankruptcy court should not have dismissed defense evidence as
19   without foundation and a "sham" in order to conclude, as a matter of law, that
20   Pressman had operated EPD as a "Ponzi" scheme and that John Kirkland was an EPD
21   "insider" aware of the company's financial weakness. Doc # 22:4-12 (a true and
22   correct copy of which is attached as Exhibit 1 hereto). On August 13, 2018, the Court
23   entered an Order denying Plaintiff's motion for reconsideration. *See* Doc # 27 (a true
24   and correct copy of which is attached as Exhibit 2 hereto).

25         Following a status hearing held September 11, 2018, the bankruptcy court
26   entered an Order requiring John Kirkland to file this motion to withdraw the reference
27   not later than September 25, 2018. *See* Exhibits 3 (OSC) and 4 (ruling regarding
28

7

1  issuance of the OSC) attached hereto.   This motion is filed in response to the
2  bankruptcy court's Order.

3  **III.   ARGUMENT**

4      **A.   Applicable Legal Standard.**

5      At its discretion, the District Court may, on its own motion or on motion timely
6  filed by any party for cause shown, withdraw any case or proceeding referred to the
7  bankruptcy court. *See* 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011. Although Section
8  157(d) does not define "cause," in Security Farms v. Int'l Bhd. Of Teamsters, etc.,
9  124 F.3d 999 (9th Cir. 1997), the Ninth Circuit held that the District Court "should
10 consider the efficient use of judicial resources, delay and costs to the parties,
11 uniformity of bankruptcy administration, the prevention of forum shopping, and other
12 related factors," in determining whether cause to withdraw the reference exists. Id. at
13 1008.

14     While fraudulent transfer claims have been referred to as core proceedings, the
15 Ninth Circuit has held that the bankruptcy court cannot adjudicate such claims absent
16 mutual consent and that such claims must be presented to a jury for determination
17 when jury trial rights are preserved.  *See* In re Billingham Ins. Agency, Inc., 702 F.3d
18 553 (9th Cir. 2012), *aff'd* 134 S.Ct. 2165 (2014).  A defendant having a right to a jury
19 trial and who does not consent to the bankruptcy court conducting such trial has
20 shown cause for withdrawal of the reference once the case is ready for trial.  In re
21 Healthcentral.com, 504 F.3d 775, 788 (9th Cir. 2007); see also In re EPD Inv. Co.,
22 LLC, 821 F.3d at 1151.

23     Here, the right to a jury trial exists for the claims to avoid and recover allegedly
24 fraudulent transfers because Defendant John Kirkland has not filed proofs of claim in
25 the bankruptcy case, has preserved his right to trial by jury and has not consented to
26 the bankruptcy court conducting such trial.  *See* Granfinanciera, S.A. v. Nordberg,
27 492 U.S. 33, 58-59 (1989); Langenkamp v. Culp, 498 U.S. 42, 45 (1990) ("If a party

28

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1    does not submit a claim against the bankruptcy estate, however, the trustee can
2    recover allegedly preferential transfers only by filing what amounts to a legal action
3    to recover a monetary transfer. In those circumstances the preference defendant is
4    entitled to a jury trial."); Federal Rule of Bankruptcy Procedure 9015(b) (stating that
5    the bankruptcy court may conduct a jury trial upon consent). Because John Kirkland
6    has requested a jury trial and does not consent to the bankruptcy court conducting that
7    trial, the reference of the Adversary Proceeding must be withdrawn for a jury trial to
8    be conducted in District Court. See <u>In re Heller Ehrman LLP</u>, 464 B.R. 348, 351
9    (N.D.Cal. 2011) ("Clearly good cause for withdrawal would be the absence of
10   jurisdiction to adjudicate the action"); <u>In re Daewoo Motor America, Inc.</u>, 302 B.R.
11   308, 315 (C.D.Cal. 2003) (where, as here, "Defendant filed a jury demand but
12   withheld its consent to the bankruptcy court's holding the jury trial, this Court would
13   be obligated to withdraw the reference").

14        Furthermore, because of the common factual allegations and overlapping
15   nature of the claims against the BC Trust and John Kirkland, the Court should
16   withdraw the reference of the Adversary Proceeding as to both Defendants. The
17   Supreme Court held in <u>Ross v. Bernhard</u>, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729
18   (1970), that "where equitable and legal claims are joined in the same action, there is
19   a right to jury trial on the legal claims which must not be infringed either by trying
20   the legal issues as incidental to the equitable ones by a court trial of a common issue
21   existing between the claims * * *." 396 U.S. at 537-38, 90 S.Ct. at 738, 24 L.Ed.2d at
22   736. Prior nonjury trial of the equitable claims may infringe the right to jury trial on
23   the legal claims because of the collateral estoppel or res judicata effect of a prior
24   judicial determination of issues common to the two sets of claims. <u>Heyman v. Kline</u>,
25   456 F.2d 123, 130 (2[d] Cir.), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88
26   (1972).

27        The Supreme Court has cautioned, "[w]hen legal and equitable claims are
28

9

1    joined in the same action, 'the right to jury trial on the legal claim, including all issues

2    common to both claims, remains intact.'" <u>Lytle v. Household Mfg., Inc.</u>, 494 U.S.

3    545, 550 (1990) (*quoting* <u>Curtis v. Loether</u>, 415 U.S. 189, 196 n.11 (1974)).

4    Accordingly, "facts common to legal and equitable claims must be adjudicated by a

5    jury," and "[t]he right to a trial by jury must be preserved even if the legal claims are

6    characterized as incidental to the equitable claims." <u>In re Basile</u>, 472 B.R. 147, 152

7    (Bankr. D. Mass. 2012) (*citing* <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469, 473 n.8

8    (1962) *and* <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 510-11 (1959)); *see also*

9    <u>Marshak v. Tonetti</u>, 813 F.2d 13, 16-17 (1st Cir. 1987). "In such instances a court may

10   not try the equitable claims first because to do so would subject the jury's findings to

11   the principles of collateral estoppel." <u>In re Basile</u>, 472 B.R. at 152 (*citing* <u>Dairy</u>

12   <u>Queen</u>, 369 U.S. at 479).

13      Thus, the trials cannot be bifurcated into separate trials in the District Court and

14   bankruptcy court. Instead, there can and should be one jury trial in the District Court.

15      Plaintiff chose to bring his claims in a single action against both Defendants,

16   fully aware that only the BC Trust had filed proofs of claim. Then, he successfully

17   argued to the bankruptcy court, the District Court, and the Ninth Circuit against

18   bifurcation of the fraudulent transfer claims for relief against John Kirkland into

19   arbitration, while the disallowance and equitable subordination claims against

20   Poshow Ann Kirkland proceeded in bankruptcy court. *See* Brief of Appellee, Jason

21   M. Rund, Chapter 7 Trustee at ECF page 15, attached hereto as Exhibit 6. Each of

22   the courts accepted Plaintiff's argument that his claims against Defendants should be

23   resolved in the same forum because having two trials "is more likely to result in the

24   sort of piecemeal litigation and inconsistent findings that the Ninth Circuit has held

25   to be in conflict with the purposes of the Code." *Id.* at internal ECF page 44.

26      "Where a proceeding in bankruptcy involves common issues of law and fact

27   with a case pending in district court, 'the overlapping of facts, transactions and issues

28

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1  in the two cases . . . is good cause for withdrawal of the reference and consolidation

2  with the district court proceeding.' " Big Rivers Elec. Corp. v. Green River Coal Co.,

3  Inc., 182 B.R. 751, 755 (W.D.Ky. 1995) (good cause found for discretionary

4  withdrawal). "[F]ragmenting a proceeding by withdrawing one of many defendants

5  is normally undesirable.  In many cases it would be more appropriate for this court to

6  exercise its discretion and withdraw the entire proceeding . . . ."  In re IQ

7  Telecommunications, Inc., 70 B.R. 742, 747 (N.D.Ill. 1987).

8      It would be disingenuous for Plaintiff to now argue for two separate trials in

9  two different forums, thereby *guaranteeing* the piecemeal litigation and potential for

10 inconsistent findings that he previously decried.  Hamilton v. State Farm Fire & Cas.

11 Co., 270 F.3d 778, 782 (9th Cir. 2001) (equitable doctrine of judicial estoppel

12 "precludes a party from gaining an advantage by asserting one position, and then later

13 seeking an advantage by taking a clearly inconsistent position"); see also id. at 782-

14 83 (listing three factors a court may consider in invoking judicial estoppel).  As the

15 Supreme Court explained, the purpose of judicial estoppel is to " 'protect the integrity

16 of the judicial process' by 'prohibiting parties from deliberately changing positions

17 according to the exigencies of the moment.' "  New Hampshire v. Maine, 532 U.S.

18 742, 749-50 (2001).  At this stage in the proceedings, the single forum that Plaintiff

19 himself previously argued for should be the District Court.

20     In sum, John Kirkland has demanded and maintained his right to a jury trial

21 throughout the Adversary Proceedings; he has not consented to the bankruptcy court

22 conducting the trial that is now ready to proceed.  As a result, the District Court must

23 withdraw the reference as to the claims for relief against him.  Consistent with

24 Plaintiff's earlier contention that there should be just one forum for these proceedings,

25 the Court should now withdraw the reference of the Adversary Proceeding as to both

26 Defendants because the claims against John Kirkland are based on the same set of

27 overlapping factual allegations and issues as the claims against the BC Trust.

28

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1      **B.      This Motion to Withdraw the Reference is Timely.**

2      There is no specific deadline or timetable for bringing a motion to withdraw

3      the reference in 28 U.S.C. § 157(d). <u>Am. Coal Co. v. Enron N. Am. Corp. (In re Enron</u>

4      <u>Corp.)</u>, No. 03 Civ. 1727 (LTS), 2003 U.S. Dist. LEXIS 19543, at *10 n.4 (S.D.N.Y.

5      2003).    Local Bankruptcy Rule 9015-2(g) provides that all pretrial proceedings

6      through entry of a pretrial order shall be conducted by the bankruptcy judge.  Here,

7      immediately after the District Court entered its Order Rejecting R&R, the bankruptcy

8      judge issued the OSC requiring that this motion be filed by September 25, 2018.  *See*

9      Exhibit 3 hereto.  This motion was timely filed in accordance with the OSC.

10     **C.      The Bankruptcy Court Cannot Conduct the Jury Trial Now**

11              **Required in this Adversary Proceeding.**

12     Fraudulent transfer claims are statutorily core claims.   <u>In re Bellingham Ins.</u>

13     <u>Agency, Inc.</u>, 702 F.3d 553 at 561-65; *see also*, <u>In re EPD Inv. Co., LLC</u>, 821 F.3d at

14     1151. However, the Ninth Circuit has held that such claims cannot be adjudicated by

15     non-Article III judges absent mutual consent. <u>Id.</u>, 702 F.3d at 565; *see also*, <u>Mastro v.</u>

16     <u>Rigby</u>, 764 F.3d 1090, 1093-94 (9th Cir. 2014) (fraudulent transfer claims are "*Stern*

17     claims" that are "defined as 'core' under § 157(b) but may not, as a constitutional

18     matter, be adjudicated as such.").  John Kirkland does not consent to the bankruptcy

19     court conducting a jury trial in this Adversary Proceeding.  JR 1:29.  Therefore, the

20     fraudulent transfer claims are treated as effectively non-core for purposes of

21     withdrawing the reference and cause is shown once the case is ready for trial.  *See* <u>In</u>

22     <u>re Healthcentral.com</u>, 504 F.3d at 788.

23     Pursuant to 28 U.S.C. § 157(e):

24              If the right to a jury trial applies in a proceeding that may be heard
                under this section by a bankruptcy judge, the bankruptcy judge may
25              conduct the jury trial if specially designated to exercise such jurisdiction
26              by the district court ***and with the express consent of all the parties***.

27     28 U.S.C. § 157(e) (emphasis added).

28

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY
COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1    John Kirkland does not consent to a jury trial in the bankruptcy court.
2    Accordingly, only this Court, as an Article III court, may conduct the trial in this case.
3    Because each of the fraudulent transfer claims asserted by Plaintiff is based on the
4    same set of disputed facts that will require a jury trial, withdrawal of the reference is
5    now necessary as to John Kirkland.

6    Finally, all six of Plaintiff's claims for relief against both Defendants are based
7    upon identical or overlapping facts—in particular, that John Kirkland engaged in
8    inequitable conduct. *See* Complaint at ¶¶ 38-47.  Based on the allegations of the
9    Complaint, Plaintiff must first try the jury trial claims in the District Court.  Thus, this
10   motion should be granted.

11       **D.    Withdrawal of the Reference Will Not Encourage Forum Shopping.**

12       A motion to withdraw the reference may be deemed forum shopping when
13   withdrawal of the reference will "essentially reverse the bankruptcy court's prior
14   determinations." Canter v. Canter (In re Canter), 299 F.3d 1150, 1154 (9th Cir. 2002).
15   There can be no such concerns here as to John Kirkland because the bankruptcy court
16   simply cannot conduct the jury trial on Plaintiff's claims for relief that is now required
17   in the Adversary Proceeding.  As for the overlapping claims against the BC Trust, the
18   District Court has already rejected the reasoning of the bankruptcy court's R&R with
19   respect to essential allegations.  *See*, Security Farms, 124 F.3d at 1009 (effect of
20   district court's withdrawal of the reference was not to promote forum shopping
21   because "without regard to withdrawal, the bankruptcy court's order . . . inevitably
22   was subject to the approval of the district court.").

23       It follows that forum shopping is not implicated by this motion, and the
24   reference should be withdrawn.

25
26
27
28

1    **E.    Withdrawal of the Reference of the Adversary Proceeding as to Both**
2    **Defendants Will Conserve Court and Party Resources.**

3    The bankruptcy court's OSC contemplated additional briefing on whether
4    claims should be bifurcated with the District Court conducting a jury trial on the
5    fraudulent transfer claims and then returning the matter to the bankruptcy court to
6    resolve the BC Trust related claims, perhaps with the benefit of a collateral estoppel
7    determination of certain issues.   However, that process will necessarily result in
8    piecemeal litigation and the potential for inconsistent verdicts.

9    The Complaint is predominantly for claims and factual allegations for which
10   the bankruptcy court cannot enter a final order.  Not withdrawing the reference will
11   inevitably cause additional costs to the parties and expenditure of additional court
12   resources because whatever decision may be reached by the District Court will then
13   result in additional proceedings before the bankruptcy court - a process that can be
14   obviated if the reference is withdrawn for the Adversary Proceeding as to both
15   Defendants.  Herbst Gaming, Inc. v. Insurcorp (In re Zante, Inc.), No. 3:10-cv-00231-
16   RCJ-RAM, 2010 U.S. Dist. LEXIS 137691, at *18 (D. Nev. Dec. 29, 2010)
17   (withdrawing reference will save time and money where non-core claims "will have
18   to be finally determined by the [District] Court after a second round of briefing in
19   response to the bankruptcy court's eventual recommendation."); *see also* Okla.
20   Natural Gas Co., Div. of ONEOK, Inc. v. Mahan & Rowsey, Inc., 48 B.R. 767, 771-
21   72 (Bankr. W.D, Okla. 1985) *aff'd*, 786 F.2d 1004 (10th Cir. 1986) (no deference is
22   owed by the district court to the bankruptcy court's legal or factual findings and may
23   take its own evidence on *de novo* review under 11 U.S.C. § 157(c)).

24   Thus, consideration of the costs to the parties and the impact on the resources
25   of the court supports withdrawal of the reference of the Adversary Proceeding in this
26   instance as to both Defendants.

27
28

## IV.    CONCLUSION

Consideration of all of the relevant factors strongly favors withdrawal of the reference of this Adversary Proceeding as to both Defendants.  Defendants therefore respectfully request that this Court enter its order withdrawing the reference of the Adversary Proceeding to the Bankruptcy Court.  As to Defendant John Kirkland, the withdrawal is now <u>required</u>.  As to Defendant Poshow Ann Kirkland, the withdrawal is <u>permissive for cause</u>.

September 25, 2018                    **LEWIS R. LANDAU**
                                      Attorney-at-Law

                            By:    */s/ Lewis R. Landau*
                                   Lewis R. Landau

                            Attorney for Defendants
                            **John C. Kirkland, individually and Poshow Ann
                            Kirkland, solely as Trustee of the Bright
                            Conscience Trust Dated September 9, 2009**

**DECLARATION OF LEWIS R. LANDAU**

I, Lewis R. Landau, do hereby declare:

1.      I am an attorney duly admitted to practice law in the State of California and before the United States District Court for the Central District of California.  I am attorney of record for John C. Kirkland and Poshow Ann Kirkland, solely as Trustee of the Bright Conscience Trust Dated September 9, 2009 (collectively "Defendants") in United States Bankruptcy Court adversary proceeding number 2:12-ap-02424 ER ("Adversary Proceeding") and United States District Court case number 2:18-cv-01413 DSF.  I offer this declaration in support of the Defendants' motion to withdraw the reference of the Adversary Proceeding  to the United States Bankruptcy Court for the Central District of California, Los Angeles Division based on my personal knowledge of the procedural posture of the Adversary Proceeding.

2.      I believe that good cause exists for this Court to immediately withdraw the reference of the Adversary Proceeding to the bankruptcy court for the following reasons:

a.      This case involves claims of fraudulent conveyance and related claims based on the same common set of operative facts and is ready for trial.  The Ninth Circuit has held that the bankruptcy court cannot conduct a jury trial of fraudulent transfer claims absent mutual consent.   John C. Kirkland has demanded a jury trial and does not consent to the bankruptcy court conducting that trial.  A defendant having a right to a jury trial and who does not consent to the bankruptcy court conducting such trial has shown cause for withdrawal of the reference once the case is ready for trial.  I believe the case is ready for trial because the bankruptcy judge has ordered this motion to withdraw the reference filed at this time.  Accordingly, as to Defendant John Kirkland, withdrawal of the reference is now required.

b.      Any purported non-jury claims for relief are based on the same common set of

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

operative facts as the jury trial claims.  Accordingly, the claims subject to trial by jury must be adjudicated before the bankruptcy court may address any non-jury claims.   As to Defendant Poshow Ann Kirkland, withdrawal of the reference is permissive for cause, insofar as it will promote the efficient use of judicial resources and avoid (a) the risk of inconsistent results and (b) the burden of piecemeal litigation.

c.   Because the bankruptcy court will not be able to enter an appealable final judgment in the case and bifurcating the claims for separate trials in the District Court and bankruptcy court will admittedly result in piecemeal litigation and risks inconsistent verdicts, judicial economy supports withdrawal of the reference of the Adversary Proceeding at this time as to both Defendants.

3.   Plaintiff filed the fourth amended and operative complaint on October 14, 2016.  JR at 1:47 ("Complaint").  "JR" refers to the parties' Joint Record filed in the earlier proceedings before the Court at electronic case file document numbers 15-17.  Plaintiff pleads six claims for relief against both John Kirkland and his wife, Poshow Ann Kirkland solely as the trustee for the BC Trust.  JR at 1:62-69 [Complaint pp. 15-22].

4.   The claims for relief set forth in the Complaint are stated as follows:

(a)   First Claim for Relief: Disallowance of Proofs of Claim, or, in the Alternative, Equitable Subordination of Claims and Proofs of Claim *Against Defendants*.  JR 1:62.

(b)   Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:64.

(c)   Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:65.

(d)   Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:66.

(e)   Avoidance of Fraudulent Transfers *Against Defendants*. JR 1:67.

(f)   Recovery of Avoided Transfers *Against Defendants*. JR 1:67.

5.   There is a single statement of facts covering all these claims for relief in the Complaint, *each* of which names *both* John Kirkland and Poshow Ann Kirkland as defendants.   JR 1:50-62 [Complaint pages 3-15]. In particular, the Complaint's

17

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

1   sixth claim, by which Plaintiff seeks recovery of money from Defendants that the

2   debtors are alleged to have fraudulently transferred for the benefit of John Kirkland,

3   is based on the same allegations of inequitable conduct by John Kirkland <u>alone</u> that

4   the Trustee states in paragraphs 1 through 47 of the Complaint to support his first

5   claim for disallowance and equitable subordination of the BC Trust's claims in

6   bankruptcy. JR 1:62-64, 67 [Complaint pages 15-17, 20].  The Complaint alleges <u>no</u>

7   <u>conduct</u> by Poshow Ann Kirkland herself that would justify *any of* the relief that

8   Plaintiff seeks.

9         6.    On September 5, 2017 Plaintiff filed two motions to summarily

10  adjudicate claims in the Complaint ("MSA"). *See* JR 1:89; 1:147.  One motion sought

11  summary adjudication of the second, third and sixth claims for avoidance and

12  recovery of allegedly fraudulent transfers.    The other motion sought summary

13  adjudication of the first claim for disallowance and equitable subordination of the BC

14  Trust's claims.

15        7.    On February 17, 2018 the bankruptcy court issued decisions addressing

16  what it (correctly) characterized as the "related" motions.  JR 37:11964 [BK Doc 340,

17  p. 3].    John Kirkland has consistently and properly stated his objection to the

18  adjudication of any claims by the bankruptcy court. *See* Exhibit 5 hereto (joint status

19  report filed December 31, 2013).  Accordingly, the bankruptcy court issued what was

20  only its "Report and Recommendation" to the District Court with proposed findings

21  concerning the second, third and sixth claims for relief.  JR 37:11979 ("R&R").  The

22  bankruptcy court recommended that the District Court grant Plaintiff's motion for

23  summary adjudication on those avoidance and recovery claims.  JR 37:11996 [BK

24  Doc. 341 p. 18].

25        8.    Concurrently, the bankruptcy court also entered a Memorandum of

26  Decision proposing to grant summary adjudication on Plaintiff's first claim for

27  disallowance and equitable subordination.  JR 37:11962.  However, in this proposed

28

18

1    ruling the bankruptcy court "note[d] that certain of the issues relevant to this matter

2    are addressed in the [R&R].  To the extent those issues are not restated herein, they

3    are incorporated by reference."  JR 37:11967 [BK Doc 340, p. 6].  And because the

4    same facts were at issue on both MSAs, the bankruptcy court also decided that, "the

5    findings set forth [in the Memorandum of Decision] will not become the order of the

6    Court until the District Court acts upon the [R&R] . . . ."  JR 37:11694.

7         9.    With the Memorandum of Decision thus held in abeyance, Defendants

8    filed written objections to the bankruptcy court's R&R.  Doc. # 9.  On June 25, 2018

9    this Court entered its Order rejecting the R&R.  See Doc # 22. Among other things,

10   the Court decided the bankruptcy court should not have dismissed defense evidence

11   as without foundation and a "sham" in order to conclude, as a matter of law, that

12   Pressman had operated EPD as a "Ponzi" scheme and that John Kirkland was an EPD

13   "insider" aware of the company's financial weakness.  Doc # 22:4-12 (a true and

14   correct copy of which is attached as Exhibit 1 hereto).  On August 13, 2018, the Court

15   entered an Order denying Plaintiff's motion for reconsideration. *See* Doc # 27 (a true

16   and correct copy of which is attached as Exhibit 2 hereto).

17        10.    Following a status hearing held September 11, 2018, the bankruptcy

18   court entered an Order requiring John Kirkland to file this motion to withdraw the

19   reference not later than September 25, 2018. *See* Exhibits 3 (OSC) and 4 (ruling

20   regarding issuance of the OSC) true and correct copies of which are attached hereto.

21   This motion is filed in response to the bankruptcy court's Order.

22        11.    The bankruptcy court's OSC contemplated additional briefing on

23   whether claims should be bifurcated with the District Court conducting a jury trial on

24   the fraudulent transfer claims and then returning the matter to the bankruptcy court to

25   resolve the BC Trust related claims, perhaps with the benefit of a collateral estoppel

26   determination of certain issues.  However, that process will necessarily result in

27   piecemeal litigation and the potential for inconsistent verdicts.

28

19

12.     The Complaint is predominantly for claims and factual allegations for which the bankruptcy court cannot enter a final order.  Not withdrawing the reference will inevitably cause additional costs to the parties and expenditure of additional court resources because whatever decision may be reached by the District Court will then result in additional proceedings before the bankruptcy court - a process that can be obviated if the reference is withdrawn for the Adversary Proceeding as to both Defendants.

13.     Plaintiff chose to bring his claims in a single action against both Defendants, fully aware that only the BC Trust had filed proofs of claim.  Then, he successfully argued to the bankruptcy court, the District Court, and the Ninth Circuit against bifurcation of the fraudulent transfer claims for relief against John Kirkland into arbitration, while the disallowance and equitable subordination claims against Poshow Ann Kirkland proceeded in bankruptcy court.  See Brief of Appellee, Jason M. Rund, Chapter 7 Trustee at ECF page 15, a true and correct copy of which is attached hereto as Exhibit 6.  Each of the courts accepted Plaintiff's argument that his claims against Defendants should be resolved in the same forum because having two trials "is more likely to result in the sort of piecemeal litigation and inconsistent findings that the Ninth Circuit has held to be in conflict with the purposes of the Code."  Id. at internal ECF page 44.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed September 25, 2018 at Los Angeles, California.


*/s/ Lewis R. Landau*
Lewis R. Landau

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY COURT: MEMORANDUM OF POINTS AND AUTHORITIES: DECLARATION

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: EPD Investment Co., LLC | Case No.: 18-1413 DSF<br>Bankruptcy No.: 12-02424 ER |
| JASON M. RUND,<br>      Chapter 7 Trustee,<br>      Plaintiff,<br><br>      v.<br><br>JOHN C. KIRKLAND, et al.,<br>      Defendants. | ORDER REJECTING REPORT AND RECOMMENDATION AND PROPOSED FINDINGS OF UNITED STATES BANKRUPTCY JUDGE, STRIKING DEFENDANTS' REPLY BRIEF, AND DENYING MOTION FOR SUMMARY ADJUDICATION |

On February 17, 2018, the United States Bankruptcy Court filed a Report and Recommendation (R&R) and proposed findings recommending that this Court grant Chapter 7 Trustee-Plaintiff Jason Rund's motion for summary adjudication on his claim that Defendants made fraudulent transfers with actual intent. Defendants John Kirkland and Poshow Ann Kirkland (as trustee of the Bright Conscience Trust) object to the R&R, and submit additional evidence.

Pursuant to Rule 9033(d) of the Federal Rules of Bankruptcy Procedure, the Court has reviewed the additional evidence and the

**022**

portions of the Bankruptcy Court's findings of fact to which written objections have been filed. For the reasons stated below, the Court rejects the recommendation and findings of the Bankruptcy Court and denies the motion for summary adjudication.

## I.    Facts and Procedural Background

This is one of several bankruptcy proceedings involving EPD Investment Co., LLC (EPD). See Dkt. 4. In December 2010, creditors commenced the involuntary petition at issue here. Appendix Record (REC), Dkts. 15-17, at 11982.

Pressman is the sole proprietor of EPD. Id. Plaintiff alleges EPD has not been profitable since before 2003. Id. Between 2003 and 2009, EPD allegedly lost money every year. See id. Plaintiff also alleges that EPD has operated as a Ponzi scheme since 2003, specifically alleging that EPD used investments it received to pay existing creditors. Id. By 2009, EPD had allegedly stopped making payments to its creditors because it lacked cash infusions from new investors. Id.

John Kirkland served as Pressman's lawyer for his various ventures and allegedly invested money in EPD. Id. The Trustee's basic allegation is that John Kirkland took various steps to hide EPD's financial condition. Therefore, the Trustee filed this suit against John Kirkland and Bright Conscience Trust, which is operated by Poshow Kirkland, seeking relief on claims for subordination and avoidance of fraudulent transfers. See id. The Trustee moved for summary adjudication on the issue of whether Defendants made fraudulent transfers with actual intent. Id. at 11996.

Finding no dispute of material fact, the Bankruptcy Court concluded that EPD operated as a Ponzi scheme. Id. at 11991-92. In reaching this decision, the Bankruptcy Court excluded the Declaration of Jerrold Pressman and the declaration and report of Defendant's expert, J. Michael Issa (Issa Report). Id. at 11985-92. Because it deemed EPD a Ponzi scheme, the Bankruptcy Court

applied the "Ponzi presumption" that Defendants are liable for fraudulent transfers. Id. at 11992-93. The Bankruptcy Court also concluded that Defendants engaged in fraudulent conduct based on the "badges of fraud" test. Id. at 11993. Defendants timely objected to the R&R, arguing that the Bankruptcy Court improperly excluded the Pressman Declaration and the Issa Report – which, if admitted, would have raised a genuine dispute of material fact precluding summary adjudication.

## II.   Standard of Review

Defendants contend that this Court reviews the Bankruptcy Court's findings of fact and conclusions of law de novo, citing Rule 9033(d). Written Objections at 1, Dkt. 9-1. Plaintiff concedes de novo review is appropriate for the findings of fact and conclusions of law as they relate to John Kirkland. Response to Written Objections at 6, Dkt. 7. But Plaintiff contends the Court reviews both findings of fact and conclusions of law for clear error as they relate to Poshow Kirkland, as trustee to Bright Conscience Trust, because Ms. Kirkland previously consented to the Bankruptcy Court's jurisdiction to hear and determine claims relating to her. Id. at 6-7 (citing 28 U.S.C. § 157(b)(1); In re EPD Inv. Co., LLC, 821 F.3d 1146, 1151 n.2 (9th Cir. 2016)).

The Court disagrees. First, In re EPD Inv. Co. does not support Plaintiff's contention that Ms. Kirkland consented to the Bankruptcy Court's jurisdiction. The footnote citation that Plaintiff relies on is ambiguous and does not show that Ms. Kirkland consented to the Bankruptcy Court's jurisdiction. In re EPD Inv., 821 F.3d at 1151 n.2. Second, Plaintiff has not pointed to any evidence that Ms. Kirkland filed multiple proofs of claim in the debtors' bankruptcy case. See Response to Written Objection (Response) at 6, Dkt. 7. Nor could the Court find any evidence in the record supporting this argument. Plaintiff cites to the R&R to support its contention, id. at 7 n.24; but that portion of the R&R merely summarizes Plaintiff's allegations in his complaint. REC at 11982-84. Those allegations are not evidence that Ms. Kirkland consented to the Bankruptcy Court's jurisdiction. The Court will review this entire matter de novo.

# III.   Analysis

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).[1]  "This burden is not a light one."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).  But the moving party need not disprove the opposing party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(c)(1).

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992).  Rather, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (internal brackets and ellipsis omitted).

The Court will first consider Defendants' contention that the Bankruptcy Court improperly excluded the Pressman Declaration and Issa Report.  It will then consider whether the Bankruptcy Court properly granted summary adjudication on the issue of whether EPD's transfers were fraudulent.

## A. The Pressman Declaration is Admissible

The Bankruptcy Court first found the Pressman Declaration inadmissible under the sham affidavit rule.  A party cannot create an issue of fact precluding summary judgment by introducing an

---

[1] The standards for summary judgment and summary adjudication are the same.  See California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998).

025

affidavit contradicting his prior testimony.  See Yeager v. Bowlin,
693 F.3d 1076, 1080 (9th Cir. 2012) (comparing prior deposition
testimony to affidavit).

> "[The] sham affidavit rule prevents a party who has
> been examined at length on deposition from raising an
> issue of fact simply by submitting an affidavit
> contradicting his own prior testimony, which would
> greatly diminish the utility of summary judgment as a
> procedure for screening out sham issues of fact.  But
> the sham affidavit rule should be applied with caution
> because it is in tension with the principle that the
> court is not to make credibility determinations when
> granting or denying summary judgment.  In order to
> trigger the sham affidavit rule, the district court must
> make a factual determination that the contradiction is
> a sham, and the inconsistency between a party's
> [earlier statement] and subsequent affidavit must be
> clear and unambiguous to justify striking the
> affidavit."

Id. (internal citations and quotation marks omitted).  Because tax
returns must be filed under penalty of perjury, see United States
v. Funds in the Amount of Thirty Thousand Six Hundred Seventy
Dollars, 403 F.3d 448, 466 (7th Cir. 2005), courts have stricken
declarations that conflict with a declarant's tax return under the
sham affidavit rule.  See, e.g., id.; United States v. $353,443 in
U.S. Currency, 701 F. App'x 493, 497 (7th Cir. 2017).

Pressman declared: "EPD was a legitimate, ongoing,
sustainable, revenue-producing, business operation."  REC at
11992.  The Bankruptcy Court concluded that this statement
conflicted with his 2010 tax return, in which Pressman attested
that EPD had $70 million in liabilities and no realized assets that
year.  REC at 11992.  The Bankruptcy Court also found (1) that
Pressman could not opine on whether EPD operated as a Ponzi
scheme because he is not an accountant, and (2) his statements
should be excluded as vague and self-serving.  Id. at 11991-92.

Excluding the Pressman Declaration was error. First, the Pressman Declaration does not necessarily conflict with EPD's 2010 tax return. Plaintiff alleged that EPD's illegal conduct took place between 2003 and 2009. REC at 11982. But EPD could have been sustainable during some of those years, as Pressman declares. Likewise, EPD could have financially collapsed in 2010, as EPD's 2010 tax returns reflect. Indeed, Defendants suggest that the "Great Recession" was the root of EPD's financial collapse. Written Objections at 1-2. Certainly, the Court is skeptical that EPD had $70 million in liabilities in 2010, yet was a sustainable business for the prior seven years — even in light of the recession. However, the alleged inconsistency is not so "clear and unambiguous" that it justifies striking the affidavit." See Yeager, 693 F.3d at 1080.

Nor does Pressman need to be an accountant to testify that EPD did not operate as a Ponzi scheme. The perpetrator of a Ponzi scheme "must know that the scheme will eventually collapse as a result of the inability to attract new investors." Mark A. McDermott, Ponzi Schemes & the Law of Fraudulent & Preferential Transfers, 72 Am. Bankr. L.J. 157, 174 (1998) (citing In re Indep. Clearing House Co., 77 B.R. 843, 860 (D. Utah 1987)). Pressman could testify that he did not operate EPD as a Ponzi scheme, even though he is not an accountant, because a Ponzi scheme requires the participant to know that the scheme is unsustainable. In re Indep. Clearing House Co., 77 B.R. at 860. In fact, Pressman testifies in detail to this effect in his Supplemental Declaration. Supplemental Declaration of Jerrold Pressman, Dkt. 9-4.

Additionally, the Bankruptcy Court erred in holding Pressman's declaration lacked a proper foundation. REC at 11992. Specifically, the Bankruptcy Court refused to consider a chart in Pressman's declaration documenting EPD's cash flow, finding that the chart was created to support Pressman's statements, and thus, could not create a genuine dispute of material fact. Id. To the contrary, Pressman declared that he created the chart by using EPD's general ledger, which contained

EPD's financial information that had been maintained over four decades.  REC at 9910-11, 9913, 9926.

The Pressman Declaration is admissible.  In any event, to address the Bankruptcy Court's concerns and its conclusion that the original declaration was vague and conclusory, Pressman submits a more detailed and fact-based Supplemental Declaration.

## B. The Issa Report is Admissible

Defendants also contend the Bankruptcy Court improperly excluded the Issa Report.  Written Objections at 21-27.  The Bankruptcy Court concluded Issa's Report was inadmissible because it was based on: (1) insufficient facts, (2) unreliable principles and methods, and (3) a faulty application of principles and methods to the facts here.  REC at 11986.  The Bankruptcy Court also excluded Issa's Report because it was a sham.  Id. at 11987.

### 1. Issa's Report Satisfies Daubert

A party wishing to introduce expert testimony must show that the proposed testimony is admissible under Rule 702 of the Federal Rules of Evidence.  Cooper v. Brown, 510 F.3d 870, 942 (9th Cir. 2007).  Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

**028**

If the proposed testimony does not satisfy Rule 702's requirements, the district court must exercise its "gatekeeper" function and exclude the testimony.  <u>See</u> <u>Cooper</u>, 510 F.3d at 942.  But a court may not exclude expert testimony simply because it finds the testimony unpersuasive or because the opponent has offered cogent criticisms of that testimony.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 596 (1993).

First, the Issa Report was not based on insufficient facts.  The Bankruptcy Court found that Issa relied on unaudited financial statements and ignored EPD's tax returns in forming his opinion.  REC at 11986.  But Issa's reliance on unaudited financial statements and his failure to rely on EPD's tax returns goes to the weight of his testimony — not whether the evidence is admissible.  <u>Kennedy v. Collagen Corp.</u>, 161 F.3d 1226, 1231 (9th Cir. 1998) ("Disputes as to . . . faults in his use of a particular methodology . . . go to the weight, not the admissibility, of his testimony." (brackets and citation omitted)).  In any event, Issa has supplemented his declaration, noting that EPD's tax returns do not change his conclusion.  Supplemental Declaration of J. Michael Issa ¶ 12, Dkt. 9-3.  Thus, Issa has cured the defect the Bankruptcy Court identified, even if his Report was initially based on insufficient facts.

Next, the Bankruptcy Court took issue with Issa's methodology, finding that his partial forensic accounting was insufficient.  <u>Id.</u> at 11988-89.  The Bankruptcy Court acknowledged that "a sampling of transactions might be sufficient under certain circumstances."  <u>Id.</u> at 11988.  But it found that the forensic accounting here was insufficient because Issa had not looked at EPD's tax returns or its post-2003 leases.  <u>Id.</u> at 11989.

The Issa Report should not have been excluded on this basis.  Issa's partial forensic accounting is sufficient to satisfy the requirements of Rule 702(b).  <u>Cf.</u> <u>United States, ex rel. Jordan v. Northrop Grumman Corp.</u>, No. CV 95-2985 ABC (Ex), 2003 WL

27366252, at *4 (C.D. Cal. Mar. 10, 2003) (allowing expert to testify about wreckage at a crash site, even though he only conducted a partial analysis of the maintenance record because some evidence was unavailable).  Second, as mentioned above, Issa notes in his Supplemental Declaration that he has looked at EPD's tax returns, and that the additional evidence does not change his conclusion.  Supplemental Report of Issa ¶ 12.

Issa's Report satisfies the requirements of Rule 702.

## 2. Issa's Report is Not a Sham

The Bankruptcy Court also excluded the Issa Report on the basis that it is a sham.  According to the Bankruptcy Court, Issa's Report conflicts with his deposition.  REC 11987-98.  In his Report, Issa attested that Jonavic's[2] testimony should be given considerable weight because there is no reason for Jonavic to lie.  REC 11987-88.  However, Issa testified in his deposition that he did not consider whether Jonavic's testimony was accurate.  Id.  Moreover, the Bankruptcy Court found troublesome Issa's explanation that he did not consider whether the Jonavic deposition was accurate until he reviewed the Jermiassen[3] deposition.  Id. at 11987.  The Jermiassen deposition was not taken until two months after Issa submitted his Report.  Id.  The Bankruptcy Court concluded that Issa's deposition and Report were clearly and unambiguously contradictory, and thus excluded the Report under the sham affidavit rule.  Id.

Issa's Report does not so clearly conflict with his deposition to justify excluding it under the sham affidavit rule.  Issa acknowledges that he gave Jonavic's deposition a cursory review before preparing his Report.  Id. at 11987.  This does not clearly and unambiguously conflict with the statement that Jonavic's deposition testimony should be given considerable weight because he has no reason to lie.  Id. at 9593.  Issa's deposition and Report are reconcilable: even though Issa gave a cursory review of

---

[2] Jonavic is Pressman's CPA.  REC at 11986.

[3] Jermiassen in Plaintiff's expert.  REC at 11991.

Jonavic's deposition, he gave a lot of weight to this cursory review in his Report.  Issa's methodology affects the weight of his Report, not its admissibility.  See Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1188 (9th Cir. 2002) (noting that objections to the inadequacies of studies go towards the weight of evidence, not its admissibility).  Issa's Report does not so clearly and unambiguously conflict with his deposition that the sham affidavit rule applies.  See Yeager, 693 F.3d at 1080.

### 3. The Bankruptcy Court Improperly Resolved a Disputed Issue of Fact to Justify Excluding Issa's Report

The Bankruptcy Court excluded the Issa Report because it concluded "there is simply too great an analytical gap between the data and the opinion proffered." Id. at 11990 (citing Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)).  According to the Bankruptcy Court, between 2003 and 2010, EPD had approximately $10.85 million in negative cash flows while it raised $64.52 million from investors.  REC at 11990-91.  And according to the Bankruptcy Court, having a negative cash flow of 16.8% of the amount raised from investors does not give investors a realistic opportunity to profit.  Id. at 11991.

This conclusion is problematic for several reasons.  By accepting Jermiassen's numbers and analysis when Defendants presented contrary evidence, the Bankruptcy Court improperly resolved a disputed issue of fact.  Companies may suffer from negative cash flows for several years; a company is not a Ponzi scheme merely because it is has negative cash flow for several years.  In re Juliet Homes, LP, Bankruptcy No. 07–36424, 2013 WL 5674398, at *5 (Bankr. S.D. Tex. Oct. 17, 2013) (in resolving a motion for summary judgment, court held that the fact a company generated negative cash flows was not conclusive that the company operated as a Ponzi scheme).  Defendants have introduced sufficient evidence that EPD tried to legitimately invest its money.  See, e.g., REC at 9913-14.  The Court cannot resolve this factual dispute on a summary adjudication motion.  Chevron Corp., 974 F.2d at 1161.

10

**031**

The Bankruptcy Court thus erred in concluding that the Issa Report is inadmissible.

## C. The Bankruptcy Court Improperly Granted Summary Adjudication

The Pressman Declaration and the Issa Report[4] raise a genuine dispute of material fact as to whether EPD operated as a Ponzi scheme.  Because the Bankruptcy Court incorrectly concluded that EPD operated as a Ponzi scheme as a matter of law, it also incorrectly presumed the transfers at issue were fraudulent pursuant to 11 U.S.C. §§ 548(a)(1) and 544 — the Ponzi scheme presumption.

The Bankruptcy Court also concluded that the transfers at issue here were actually fraudulent based on the "badges of fraud."  Those include: "(1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; and, after the transfer, (5) retention by the debtor of the property involved in the putative transfer."  Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34 F.3d 800, 806 (9th Cir. 1994) (quotation and citation omitted) (emphasis removed).

The Bankruptcy Court's conclusion that the badges of fraud were present was based almost entirely on the fact that John Kirkland was an insider of EPD.[5]  REC at 11993-94.  In reaching this conclusion, the Bankruptcy Court noted that "[e]ven in

---

[4] Even if the original submissions were not sufficient to raise a genuine issue, the supplemental submissions do so.

[5] The Bankruptcy Code defines an "insider" if the debtor is a corporation as: (1) the director of the debtor, (2) officer of the debtor, (3) person in control of the debtor, (4) partnership in which the debtor is a general partner, (5) general partner of the debtor, or (6) relative of a general partner, director, officer, or person in control of the debtor.  11 U.S.C. §§ 101(31)(B)(i)-(vi).  It does not appear that Kirkland was any of these.

**032**

situations in which [John Kirkland] did not formally represent EPD, he controlled EPD's legal strategy." Id. To support this proposition, the Bankruptcy Court relied on a single email between John Kirkland and an associate at his former law firm. Id. But one email in which John Kirkland instructs his associate not to send a demand letter on behalf of EPD is far from sufficient to conclude as a matter of law that John Kirkland is an EPD insider.

The Bankruptcy Court also noted that other badges of fraud exist. Id. at 11994. However, it apparently listed only some of the badges of fraud it concluded were present: (1) litigation had been threatened at the time the UCC-1 was recorded, (2) EPD was experiencing cash flow issues at that time, and (3) the transfers consisted of "substantially all" of EPD's remaining assets. Even assuming these facts are undisputed, the supplemental declarations of Kirkland and Pressman provide explanations that prevent the Court from finding the transfers were fraudulent as a matter of law. The Court concludes that the Bankruptcy Court erred in finding that the badges of fraud established actual fraud as a matter of law.

The Court rejects the Bankruptcy Court's R&R and **DENIES** Plaintiff's motion for summary adjudication on the issue of whether the transfers were actually fraudulent.

## IV. Motion to Strike

Plaintiff contends the Court should strike Defendants' Reply because Rule 9033 does not contemplate such a filing. See generally Mot. to Strike Reply Br., Dkt. 13. Courts that have considered the issue have acknowledged that an objector must obtain a court's permission before filing a reply in support of an objection to a bankruptcy court's report and recommendation. See, e.g., Cambron v. Med. Data Sys., Inc. (In re Cambron), 379 B.R. 371, 374 (M.D. Ala. 2007); Reliance Ins. Co. v. Colonial Penn Franklin Ins. Co. (In re Montgomery Ward & Co., Inc.), 344 B.R. 256, 261 (D. Del. 2006); Life Ins. Co. v. Ropes & Gray (In re Monarch Capital Corp.), 173 B.R. 31, 34 (D. Mass. 1994).

Case 2:18-cv-04323-DSF   Document 22   Filed 06/25/18   Page 13 of 116   Page ID #:391

Defendants contend that Local Rule 7-10 permits them to file a reply here.  Opp'n to Mot. to Strike Reply Br. at 5, Dkt. 14. Defendants are incorrect.  Local Rule 7-10 applies to <u>motions</u> filed in this Court.  It does not apply to written objections, such as the one filed by Defendants.  The Court **STRIKES** Defendants' Reply.

Plaintiff also request sanctions in the form of attorneys' fees for Defendants' improper Reply.  Although the Court may impose sanctions on parties for engaging in bad faith litigation, <u>Goodyear Tire & Rubber Co. v. Hager</u>, 137 S. Ct. 1178, 1186 (2017), this is not such a case.  Plaintiff acknowledges that Defendants met and conferred regarding the possibility of withdrawing the Reply. Nevertheless, Defendants maintained that Local Bankruptcy Rule 9013-1(g) allowed such a filing.  Mot. to Strike at 7.  Although the Local Bankruptcy Rule does not apply in this Court, this was not an unreasonable position to take, given there is no case on point, and there is no evidence that Defendants acted in bad faith.  The request for fees is denied.

## V.    Conclusion

The Court **REJECTS** the Bankruptcy Court's R&R and **DENIES** the Trustee's Motion for Summary Adjudication.   The Court **STRIKES** Defendants' Reply. [6]

IT IS SO ORDERED.

Date: 6/25/18

_____
Dale S. Fischer
United States District Judge

---

[6] Plaintiff and Defendants ask the Court to take judicial notice of several filings from other bankruptcy proceedings.  Dkts. 9-1; 13-2.  Because the Court does not rely on those filings in its ruling, the Court DENIES these requests for judicial notice as moot.

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: EPD Investment Co., LLC | Case No.: 18-01413 DSF<br>Bankruptcy No.: 12-02424 ER |
| JASON M. RUND,<br>        Chapter 7 Trustee,<br>        Plaintiff, | Order DENYING Motion for<br>Reconsideration |
| v. | |
| JOHN C. KIRKLAND, et al.,<br>        Defendants. | |

Chapter 7 Trustee-Plaintiff Jason Rund moves the Court to reconsider its Order rejecting the Bankruptcy Court's Report and Recommendation (R&R) on the basis that it applied a <u>de novo</u> rather than clear error standard of review to claims relating to Bright Conscience Trust. Motion (Mot.), Dkt. 23. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 20, 2018 is removed from the Court's calendar. The Motion is DENIED.

Absent "highly unusual circumstances," reconsideration is appropriate only where: (1) the court is "presented with newly discovered evidence"; (2) the court "committed clear error or the initial decision was manifestly unjust"; or (3) there is "an intervening change in controlling law." <u>School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). In the Central District of California, a motion for reconsideration may be made only on grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Id.

Rund has not met the standard for prevailing on a motion for reconsideration. He contends that the Court failed to consider record evidence showing that the Bright Conscience Trust, through Poshow Kirkland, consented to the Bankruptcy Court's jurisdiction by filing proofs of claims in this case. Mot. at 5-7. The record does include evidence that Poshow signed several proofs of claims. Appendix Record (REC), Dkts. 15-17, at 4376-84. But Rund did not cite to these proofs of claims in his Response to Defendants' Written Objections. See Response to Written Objections at 6-7, Dkt. 7. The Court has no duty to "paw over the files without assistance from the parties." Orr v. Bank of America, NT & SA, 285 F.3d 764, 775 (9th Cir. 2002) (quotation marks, citations, and brackets omitted). The record is about 13,000 pages. It is unreasonable to expect the Court to sift through such a voluminous record to find a few pages. "Judges are not like pigs, hunting for truffles buried in [the record]." U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). The Court need not consider the proof of claims because Rund did not cite to them in his Response. L.R. 7-18(c). Rund's Motion is DENIED.

Even if the Court reviewed the R&R for clear error, it would have rejected it. As discussed in the R&R, the Bankruptcy Court misapplied the sham declaration rule and the badges of fraud doctrine. Order at 9-12, Dkt. 22. Because of this erroneous legal application, the Court would have rejected the R&R under a clear

error standard.  See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y, 774 F.3d 935, 944 (9th Cir. 2014) ("Even if clear error review applied, it would still be appropriate to correct factual findings predicated on a misunderstanding of the governing rules of law.").

Rund's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Date: 8/13/18

_____
Dale S. Fischer
United States District Judge

3

**038**

# EXHIBIT 3



FILED & ENTERED

SEP 20 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:     EPD Investment Co., LLC,<br>Debtor | Case No.:   2:10-bk-62208-ER<br>Adv. No.:   2:12-ap-02424-ER |
| Jason M Rund, solely in his capacity as<br>Chapter 7 Trustee,<br><br>                   Plaintiff<br><br>      v.<br><br>John C. Kirkland and Poshow Ann Kirkland,<br>solely in her capacity as Trustee of the<br>Bright Conscience Trust Dated September 9,<br>2009,<br><br>                 Defendants | **ORDER REQUIRING DEFENDANT AND TRUSTEE TO SHOW CAUSE WHY THE COURT SHOULD NOT STAY ADJUDICATION OF THE CLAIMS AGAINST THE BC TRUST UNTIL THE DISTRICT COURT HAS ENTERED FINAL JUDGMENT AGAINST JOHN C. KIRKLAND**<br><br><br>**OSC HEARING DATE:**<br><br>Date:      October 2, 2018<br>Time:      10:00 a.m.<br>Location:  Ctrm. 1568<br>            Roybal Federal Building<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

Good cause appearing, the Court HEREBY ORDERS as follows:

1) On **October 2, 2018, at 10:00 a.m.**, the Chapter 7 Trustee (the "Trustee") and John C. Kirkland and Poshow Ann Kirkland, solely in her capacity as Trustee of the Bright Conscience Trust (the "BC Trust") Dated September 9, 2009 (collectively, the "Defendants") must appear and show cause, if any there be, why the Court should not

stay adjudication of the Trustee's claims against the BC Trust until the District Court
has entered final judgment on the Trustee's claims against John C. Kirkland.

2) By no later than **September 25, 2018**, the Trustee and Defendants shall submit papers
responding to the *Preliminary Findings and Conclusions* set forth in the Court's
ruling issued on September 11, 2018 [Doc. No. 371]. By that same date, Mr. Kirkland
shall file with the District Court a motion to withdraw the reference.

###

Date: September 20, 2018

Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT 4

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Tuesday, September 11, 2018**                                    **Hearing Room   1568**

<u>10:00 AM</u>
**2:10-62208    EPD Investment Co., LLC**                                    **Chapter 7**
Adv#: 2:12-02424        Rund, Chapter 7 Trustee v. Kirkland, individually et al

   **#8.00**    Status Conference
RE: [234] Amended Complaint Fourth Amended Complaint Against: (1) John C.
Kirkland; and (2) Poshow Ann Kirkland as Trustee of The Bright Conscience
Trust Dated September 9, 2009 for: 1. Disallowance of Proofs of Claim, or in the
alternative, Equitable Subordination of Proofs of Claim; 2. Avoidance of
Fraudulent Transfers (Actual Intent); 3. Avoidance of Fraudulent Transfers
(Actual Intent); 4. Avoidance of Fraudulent Transfers (Constructive Fraud); 5.
Avoidance of Fraudulent Transfers (Constructive Fraud); 6. Recovery of Avoided
Transfers by Corey R Weber on behalf of Jason M Rund, Chapter 7 Trustee
against Poshow Ann Kirkland, as Trustee of the Bright Conscience Trust Dated
September 9, 2009, John C Kirkland, individually. (Weber, Corey)

FR. 7-11-17; 9-12-17; fr. 11-7-17; 11-21-17; 1-17-18; 2-21-18; 5-15-18; 8-14-18

Docket        234

**Matter Notes:**

   9/11/2018

<span style="color:red">The tentative ruling will be the order.
Court to prepare the order.</span>

### <span style="color:red">POST PDF OF TENTATIVE RULING TO CIAO</span>

**Tentative Ruling:**

   9/10/2018

On February 17, 2018, the Court issued a Report and Recommendation,
recommending that the District Court enter final judgment, in favor of the Chapter 7
Trustee (the "Trustee"), as to the second, third, and sixth claims for relief for

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Tuesday, September 11, 2018**                                    **Hearing Room    1568**

---

<u>10:00 AM</u>
**CONT...        EPD Investment Co., LLC**                                    **Chapter 7**

avoidance and recovery of fraudulent transfers made with actual intent. Doc. No. 341.
On that same date, the Court issued a Memorandum of Decision, stating that the Court
intended to grant the Trustee's motion for summary adjudication disallowing the
proofs of claim filed by the Bright Conscience Trust (the "BC Trust"). However, the
Memorandum of Decision stated that the findings set forth therein would not become
the order of the Court until the District Court acted upon the Report and
Recommendation.

On June 25, 2018, the District Court rejected the Report and Recommendation,
and denied the Trustee's motion for summary adjudication as to the second, third, and
sixth claims for relief. On July 20, 2018, the Trustee moved for reconsideration of the
District Court's rejection of the Report and Recommendation. On August 13, 2018,
the District Court denied the Trustee's motion for reconsideration.

The Trustee asserts that the Court has jurisdiction over the Trustee's claims for
disallowance and equitable subordination of the proofs of claim filed by the BC Trust.
The Trustee's position is that the Court should enter final judgment with respect to
these claims. According to Defendants John C. Kirkland and the BC Trust
(collectively, the "Defendants"), Mr. Kirkland has preserved his rights to a jury trial in
the District Court because Mr. Kirkland has not consented to the Bankruptcy Court's
entry of final judgment. Defendants assert that the issues arising in connection with
the Trustee's claims against the BC Trust overlap with the issues arising in connection
with the Trustee's claims against Mr. Kirkland. According to Defendants, bifurcating
the fraudulent transfer claims against Mr. Kirkland and the equitable subordination
and disallowance claims against the BC Trust would prejudice Mr. Kirkland, because
of the collateral estoppel effect against Mr. Kirkland of findings made with respect to
the common issues affecting both Mr. Kirkland and the BC Trust.

As further set forth in the *Preliminary Findings and Conclusions*, below, in the
Court's view, the most efficient means of resolving these proceedings would be for
the District Court to conduct a jury trial on the claims against Mr. Kirkland.
Subsequent to the District Court's entry of final judgment against Mr. Kirkland, the
Bankruptcy Court would then try the Trustee's claims against the BC Trust. Pursuant
to 28 U.S.C. §157(d) and Bankruptcy Rule 5011(a), only the District Court can
withdraw the jurisdictional reference. *See Sigma Micro Corp. v. Healthcentral.com
(In re Healthcentral.com)*, 504 F.3d 775, 785 (9th Cir. 2007). Therefore, by separate
order, the Court will require the Trustee and the Defendants to show cause why the
Court should not stay adjudication of the claims against the BC Trust until the District
Court has entered final judgment on the claims against Mr. Kirkland. The hearing on

---

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Tuesday, September 11, 2018**                                    **Hearing Room    1568**

---

10:00 AM

**CONT...       EPD Investment Co., LLC**                                              **Chapter 7**

the *Order to Show Cause* shall take place on **October 2, 2018, at 10:00 a.m.** The Trustee and the Defendants shall submit papers responding to the Court's *Preliminary Findings and Conclusions* by no later than **September 25, 2018**. No reply briefing will be accepted.

Mr. Kirkland shall file with the District Court a motion to withdraw the reference by no later than **September 25, 2018**.

*Preliminary Findings and Conclusions*

John C. Kirkland has demanded a jury trial in this fraudulent conveyance action, has not filed a proof of claim against the estate, and does not consent to having the jury trial conducted by the Bankruptcy Court. Under these circumstances, Mr. Kirkland is entitled to a jury trial before the District Court. *See Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) ("If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial."); Bankruptcy Rule 9015(b) (stating that the Bankruptcy Court may conduct a jury trial only if the parties consent); and *Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012) (holding that the Bankruptcy Court lacks constitutional authority to enter final judgment in a fraudulent conveyance action absent consent of the parties).

The BC Trust has filed proofs of claim against the estate. As a result, the Bankruptcy Court has jurisdiction to enter final judgment with respect to the Trustee's claims against the BC Trust. *See Langenkamp*, 498 U.S. at 45.

The claims against Mr. Kirkland and the BC Trust present common issues of fact. For example, the Trustee asserts that the BC Trust's claims against the estate should be disallowed and/or equitably subordinated based upon Mr. Kirkland's alleged inequitable conduct. The Trustee's causes of action for disallowance and/or equitable subordination are pleaded against both the BC Trust and Mr. Kirkland.

As a result of the overlap between the claims asserted against Mr. Kirkland and the claims asserted against the BC Trust, the most efficient means for this action to proceed would be for the District Court to first adjudicate the claims against Mr. Kirkland. Once the District Court has entered findings with respect to Mr. Kirkland, the Bankruptcy Court can then try the claims against the BC Trust. If the Bankruptcy Court tried claims against the BC Trust prior to the District Court's trial of claims against Mr. Kirkland, findings by the Bankruptcy Court with respect to common

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Tuesday, September 11, 2018**                                      **Hearing Room    1568**

10:00 AM

**CONT...        EPD Investment Co., LLC**                                      **Chapter 7**

issues of fact could prejudice Mr. Kirkland. For example, Mr. Kirkland could be collaterally estopped from contesting certain issues of fact that might prove material to the adjudication of the claims against him; were that to occur, Mr. Kirkland would effectively be deprived of his right to a jury trial. *See Ross v. Bernhard*, 396 U.S. 531 (holding that "where equitable and legal claims are joined in the same action," the right to jury trial on the legal claims "must not be infringed either by trying the legal issues as incidental to the equitable ones by a court trial of a common issue existing between the claims").

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Jessica Vogel or Daniel Koontz at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
| --- |

**Debtor(s):**

EPD Investment Co., LLC                          Pro Se

**Defendant(s):**

John C Kirkland, individually                    Represented By
                                                  Autumn D Spaeth ESQ
                                                  Lewis R Landau

Poshow Ann Kirkland, individually                Represented By
                                                  Lewis R Landau

Poshow Ann Kirkland, as Trustee of               Represented By
                                                  Lewis R Landau

**Plaintiff(s):**

Jason M Rund, Chapter 7 Trustee                  Represented By
                                                  Larry W Gabriel
                                                  Michael W Davis

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Tuesday, September 11, 2018**                                    **Hearing Room    1568**

10:00 AM
**CONT...**       **EPD Investment Co., LLC**                                        **Chapter 7**
                                            Corey R Weber

   **Trustee(s):**

        Jason M Rund (TR)                 Represented By
                                          Corey R Weber
                                          Robert A Hessling
                                          Richard K Diamond
                                          Daniel H Gill
                                          Michael W Davis
                                          Steven T Gubner
                                          Ronald P Abrams

# EXHIBIT 5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER - Bar No. 156593<br>COREY R. WEBER - Bar No. 205912<br>MICHAEL W. DAVIS - Bar No. 274126<br><br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: sgubner@ebg-law.com<br>      cweber@ebg-law.com<br>      mdavis@ebg-law.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Jason M. Rund, Chapter 7 Trustee | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>EPD INVESTMENT COMPANY, LLC, and JERROLD S. PRESSMAN,<br><br><div align="right">Debtor(s).</div> | CASE NO.: 2:10-bk-62208-ER<br><br>ADVERSARY CASE NO.: 2:12-ap-02424-ER<br><br>CHAPTER: 7 |
|---|---|
| JASON M RUND, CHAPTER 7 TRUSTEE,<br><br><br><div align="right">Plaintiff(s).</div><br><div align="center">vs.</div><br>JOHN C. KIRKLAND, an individual, and POSHOW ANN KIRKLAND, as TRUSTEE of the BRIGHT CONSCIENCE TRUST DATED SPETMEBER 9, 2009,<br><br><div align="right">Defendant(s).</div> | **JOINT STATUS REPORT<br>LBR 7016-1(a)(2)**<br><br>DATE: 01/14/2014<br>TIME: 11:00 am<br>COURTROOM: 1568<br>PLACE: Edward. R. Roybal Building<br>     255 East Temple Street,<br>     Los Angeles, CA 90012 |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE: ERNEST M. ROBLES

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

### A. PLEADINGS/SERVICE:

1. Have all parties been served?      ☒ Yes ☐ No

2. Have all parties filed and served answers to the complaint/counter-complaints/etc.? ☐ Yes ☒ No

3. Have all motions addressed to the pleadings been resolved? ☐ Yes ☒ No

4. Have counsel met and conferred in compliance with LBR 7026-1? ☐ Yes ☒ No

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*          Page 1          **F 7016-1.STATUS.REPORT**

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," then please explain below (*or on attached page*):

Defendant Poshow Kirkland's Motion to Dismiss Second Amended Complaint is set for hearing on 1/14/14 [Doc. 57]. Defendants' Motions to stay adversary proceeding are set for hearing on 1/14/14 [Docs. 96, 101].

**B.   <u>READINESS FOR TRIAL</u>:**

1.  When will you be ready for trial in this case?

<u>Plaintiff</u>                                        <u>Defendant</u>

Week of 8/25/14                              See Section F

2.  If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

<u>Plaintiff</u>                                        <u>Defendant</u>

Second amended complaint was filed on 5/24/13; Defendants have
filed varous motions re: pleadings. Defendant J. Kirkland filed his        See Section F
answer to the complaint on or about 12/6/13. Defendant P. Kirkland
has not yet filed an answer.

3.  When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>                                        <u>Defendant</u>

6/27/14                                       See Section F

4.  What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>                                        <u>Defendant</u>

Interrogatories, Requests for Admission,            See Section F
Requests for Production of Documents,
Depositions

**C.   <u>TRIAL TIME</u>:**

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

<u>Plaintiff</u>                                        <u>Defendant</u>

2-5 Days                                      See Section F

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?

<u>Plaintiff</u>                                        <u>Defendant</u>

Unkown at this time                            See Section F

3.  How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>                                        <u>Defendant</u>

Unkown at this time                            See Section F

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**D.** **PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<table>
<tr><td style="text-align:center">Plaintiff</td><td style="text-align:center">Defendant</td></tr>
<tr><td>Pretrial conference ☒ is ☐ is not  requested<br>Reasons:</td><td>Pretrial conference ☐ is ☐ is not  requested<br>Reasons:<br> See Section F</td></tr>
</table>

<table>
<tr><td style="text-align:center">Plaintiff</td><td style="text-align:center">Defendant</td></tr>
<tr><td>Pretrial conference should be set <u>after</u>:</td><td>Pretrial conference should be set <u>after</u>:</td></tr>
<tr><td>(<i>date</i>) <u>07/28/2014</u></td><td>(<i>date</i>) <u>See Section F</u></td></tr>
</table>

**E.** **SETTLEMENT:**

1.  What is the status of settlement efforts?
    The Parties have engaged in limited settlement discussions.

2.  Has this dispute been formally mediated?        ☐ Yes   ☒ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

<table>
<tr><td style="text-align:center">Plaintiff</td><td style="text-align:center">Defendant</td></tr>
<tr><td>☐ Yes  ☒ No</td><td>☐ Yes  ☐ No</td></tr>
</table>

See Section F

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 3                    **F 7016-1.STATUS REPORT**

F.  <u>**ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL**</u>: (*Use additional page if necessary*)

Defendant John C. Kirkland's Comments:

Defendant John C. Kirkland does not consent to adjudication of any claims by a bankruptcy judge, and continues to object thereto. See Executive Benefits Ins. Agency v. Arkison, 702 F.3d 553 (9th Cir. 2012). In addition, Mr. Kirkland does not consent to litigation of this adversary proceeding in court, and continues to object thereto, on the grounds that the matter must be resolved before an arbitrator. As such, Mr. Kirkland does not voluntarily participate in this adversary proceeding. In order to avoid a potentially unnecessary expense and the waste of judicial resources, this Court should follow the standard practice of the federal courts in California, and stay this action pending appeal of Mr. Kirkland's motion to compel arbitration.

.

Respectfully submitted,

Date: 12/31/2013

Ezra Brutzkus Gubner LLP
Printed name of law firm

/s/ Corey R. Weber

Signature

Corey R. Weber
Printed name

Attorney for: Jason M. Rund, Chapter 7 Trustee

Date: Dec. 31, 2013

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
Printed name of law firm

Signature

Autumn D. Spaeth
Printed name

Attorney for: Defendant John C. Kirkland

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 4                          F 7016-1.STATUS.REPORT
052

## JOINT STATUS REPORT – ADDITIONAL PARTY ATTACHMENT

Additional party name: Poshow Ann Kirkland, individually and as Trustee of the Bright Conscience Trust Dated September 9, 2009

☐ Plaintiff   ☒ Defendant   Other (*specify*):_____

**B.  READINESS FOR TRIAL:**

1.  When will you be ready for trial in this case?
    8/25/2014

2.  If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.
    The hearing on the Motion to Dismiss, filed by Defendant Poshow Ann Kirkland, individually and as trustee of the Bright Conscience Trust is currently set for January 14, 2014.  Defendant Poshow Kirkland has also filed an appeal of the denial of her joinder in the motion to compel arbitration, and has asked for a stay of the adversary proceeding pending the resolution of that appeal.

3.  When do you expect to complete your discovery efforts?
    7/30/2014

4.  What additional discovery do you require to prepare for trial?
    Depositions and written discovery

**C.  TRIAL TIME:**

1.  What is your estimate of the time required to present your side of the case at trial (*including rebuttal stage if applicable*)?
    2 days

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?
    unknown

3.  How many exhibits do you anticipate using at trial?
    unknown

**D.  PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See LBR 7016-1.] If you believe that a pretrial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

Pretrial conference   ☒ is   ☐ is not   requested.
Reasons:_____
_____

Pretrial conference should be set after (*date*):  07/30/2014

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**E. SETTLEMENT:**

1. What is the status of settlement efforts?

   The parties have engaged in limited settlement discussions

2. Has this dispute been formally mediated?       ☐ Yes   ☒ No
   If so, when?

3. Do you want this matter sent to mediation at this time?   ☒ Yes   ☐ No

**F. ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

BAKER & HOSTETLER LLP
Printed name of law firm

Signature

Ashley M. McDow
Printed name

Attorney for:  Poshaw Ann Kirkland

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: **JOINT STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 31, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com
Ashley M McDow    amcdow@bakerlaw.com, rojeda@bakerlaw.com;gharris@bakerlaw.com
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com
Autumn D Spaeth    aspaeth@wgllp.com, tjones@wgllp.com
Scott C Timpe    stimpe@mbnlawyers.com, scott.timpe@gmail.com;aacosta@mbnlawyers.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Robert G Wilson    rwilson@lgbfirm.com, kalandy@lgbfirm.com
Aleksandra Zimonjic    azimonjic@lgbfirm.com, marizaga@lgbfirm.com;ncereseto@lgbfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed:

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 31, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed:

**BY OVERNIGHT MAIL**

Honorable Ernest M. Robles
United States Bankruptcy Court
Los Angeles Division – Roybal Federal Bldg.
255 East Temple Street, Suite 1560
Los Angeles, CA  90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 31, 2013 | JESSICA ROEL | /s/ Jessica Roel |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**    055

# EXHIBIT 6

# Case Nos. 14-55740 and 14-56478

### UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

**In re EPD Investment Company, LLC, and Jerrold S. Pressman,
Consolidated Debtors, Case No. 2:10-bk-62208-ER**

**POSHOW ANN KIRKLAND, individually, and as Trustee of the BRIGHT CONSCIENCE
TRUST, DATED SEPTEMBER 9, 2009**
*Appellant – Defendant*

v.

**JASON M. RUND, Chapter 7 Trustee,**
*Appellee – Plaintiff*

*No. 14-55740*

### JOHN C. KIRKLAND
*Appellant – Defendant*

v.

**JASON M. RUND, Chapter 7 Trustee,**
*Appellee – Plaintiff*

*No. 14-56478*

APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA, S. JAMES OTERO, DISTRICT JUDGE
CASE NOS. 2:13-CV-09023-SJO AND 2:13-CV-08768-SJO

### BRIEF OF APPELLEE, JASON M. RUND, CHAPTER 7 TRUSTEE

STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
MICHAEL W. DAVIS – Bar No. 274126
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    cweber@ebg-law.com;
        mdavis@ebg-law.com
Attorneys for Appellee, Jason M. Rund, Chapter 7
Trustee for the bankruptcy estate of consolidated
debtors EPD Investment Co., LLC and Jerrold S. Pressman

# TABLE OF CONTENTS

Page

I.   INTRODUCTION...........................................................................................1

II.  ISSUES PRESENTED AND STANDARD OF
     APPELLATE REVIEW.................................................................................8

     A.   Issues Presented. ...................................................................................8

     B.   Standard of Appellate Review ..............................................................9

     C.   Jurisdiction..........................................................................................10

III. STATEMENT OF THE CASE.....................................................................11

     A.   Nature of the Case, Course of the Proceedings, and
          Dispostion Below.................................................................................11

     B.   Statement of Facts...............................................................................12

          1.   The EPD Involuntary Petition, the Order for
               Relief, and the Pressman Bankruptcy Case............................12

          2.   Substantive Consolidation........................................................13

          3.   Kirkland-Related Proofs of Claim...........................................13

          4.   The Adversary Proceeding Against the
               Kirklands and Settlements with Law Firms
               Where Kirkland Was an Attorney ..........................................14

          5.   The EPD Motion to Compel Arbitration..................................17

IV.  ARGUMENT ...............................................................................................18

     A.   The Arbitration Agreements Are Not Enforceable As
          To the Claims in the Adversary Proceeding......................................18

          1.   The District Court Properly Held That the
               Trustee's Claims for Avoidance and Recovery of
               Fraudulent Transfers are Not Governed by any
               Arbitration Agreement .............................................................19

i

2. The Statutorily Core Claims For Disallowance of
Proofs of Claim and/or Equitable Subordination
are Not Governed by any Arbitration Agreement ................. 23

    a. Equitable Subordination ............................... 23

    b. Disallowance of Claims ................................ 25

B. The Bankruptcy Court Appropriately Excercised Its
Discretion to Deny Enforcement of the Arbitration
Agreements ........................................................................ 25

    1. The Kirklands' Arguments That an Arbitrator,
Rather than the Bankruptcy Court, Must
Determine Whether the Agreements Should Be
Arbitrated Is Contrary to the Ninth Circuit's
Holding in *Thorpe* ..................................................... 29

    2. The Nature of the Trustee's Claims Does Not
Change Based on the Trustee's Position as the
Representative of the Debtors' Estate .................................. 30

    3. *Stern v. Marshall, Granfinanciera and Bellingham* ............... 32

    4. The District Court and the Bankruptcy Court
Properly Concluded that Arbitration of the At-Issue
Claims Would Conflict with the Underlying
Purposes of the Bankruptcy Code ........................................... 36

V. THE KIRKLANDS INCLUDE A MISLEADING
ARGUMENT REGARDING THE DISTRICT COURT'S
ORDER IN ANOTHER PENDING APPEAL ........................................... 39

A. The District Court's Order Cited by the Kirklands
Does Not Preclude the Trustee's Disallowance and
Equitable Subordination Claims ....................................... 39

B. The Trustee's Settlements With Kirklands' Prior Law
Firms Expressly Preserve the Trustee's Claims in the
Second Amended Complaint .............................................. 41

VI.   THE KIRKLANDS' ARGUMENT THAT THE TRUST
       CANNOT BE LIABLE FOR CLAIMS IS NOT SUPPORTED
       BY APPLICABLE AUTHORITY AND IS CONTRARY TO
       PUBLIC POLICY .......................................................................... 42

VII.  CONCLUSION .............................................................................. 43

iii

# TABLE OF AUTHORITIES

Page

## CASES

*Allegaert v. Perot,*
    548 F.2d 432 (2d Cir.), *cert. denied,*
    432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084 (1977)................................... 22, 38

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.,*
    207 F.3d 1126, 1131, 1134 (9th Cir. 2000)....................................................... 18, 19

*First Options of Chi., Inc. v. Kaplan,*
    514 U.S. 938, 944 (1995) ...................................................................................... 29

*Gandy v. Gandy (In re Gandy),*
    299 F.3d 489, 494 (5th Cir.2002)................................................................... 2, 9, 39

*Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    885 F.2d 1149, 1155 (3d Cir. 1989)..................................................... 21, 22, 32, 38

*In re APF Co.,*
    264 B.R. 344, 363 (Bankr. D. Del. 2001) ............................................................. 22

*In re Barney's, Inc.,*
    206 B.R. 336 (Bankr.S.D.N.Y.1997) .................................................................... 25

*In re Bellingham Ins. Agency, Inc.,*
    702 F.3d 553 (9th Cir. 2012) *aff'd sub nom.*
    *Executive Benefits Ins. Agency v. Arkison,*
    134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014) ............................ 1, 32, 33, 34, 35, 36, 38

*In re Bethlehem Steel Corp.,*
    390 B.R. 784, 790-91 (Bankr. S.D.N.Y. 2008)..................................................... 22

iv

*In re Eber,*
    687 F.3d 1123, 1129-1131 (9th Cir. 2012) ................................ 3, 28, 29, 31, 36, 39

*In re EPD Inv. Co. LLC,*
    2013 WL 5352953, at 4-5 (C.D. Cal. Sept. 24, 2013) ......................................... 35

*In re First Alliance Mortgage Co.,*
    2002 WL 1303036 (C.D. Cal. Jan. 9, 2002) ....................................................... 24

*In re Hagerstown Fiber Ltd. P'ship,*
    277 B.R. 181, 206-07 (Bankr. S.D.N.Y. 2002) ............................................. 22, 38

*In re PNP Holdings Corp.,*
    184 B.R. 805, 806-807 (9th Cir. BAP 1995) *aff'd,*
    99 F.3d 910 (9th Cir. 1996) ......................................................................... 7, 23, 36

*In re Schwarzkopf,*
    626 F.3d 1032, 1037 (9th Cir. 2010) .................................................................. 42

*In re Thorpe Insulation Co.,*
    671 F.3d 1011, 1019-20
    (9th Cir. 2012) ............................ 2, 3, 10, 19, 25, 26, 27, 28, 29, 31, 34, 36, 37, 39

*In re Transport Associates, Inc.,*
    263 B.R. 531, 535-36 (Bankr. W.D. Ky. 2001) .................................................. 25

*Laylock v. Hammer,*
    141 Cal. App. 4th 25, 30-31 (2006) .................................................................... 42

*Momot v. Mastro,*
    652 F.3d 982, 987-88 (9th Cir. 2011) ................................................................. 29

*Oracle Am., Inc. v. Myriad Grp., A.G.,*
    724 F.3d 1069, 1071, 1074-1075, 1077 (9th Cir. 2013) ................................ 28, 29

v

*Smith v. Arthur Andersen LLP,*
  421 F.3d 989, 1002 (9th Cir. 2005) ........................................................................ 30

*Stern v. Marshall,*
  131 S. Ct. 2594 (2011) ............................................................................... 32, 33, 36

## FEDERAL STATUTES

11 U.S.C. § 323(a) .................................................................................................. 31
11 U.S.C. § 502 ...................................................................................... 7, 21, 23, 25, 38
11 U.S.C. § 506 ............................................................................................. 7, 23, 25, 38
11 U.S.C. § 507 ...................................................................................................... 38
11 U.S.C. § 510(c) ........................................................................................ 7, 23, 24, 25, 38
11 U.S.C. § 541(a)(1) ............................................................................................. 31
11 U.S.C. § 544 .................................................................................... 6, 20, 21, 31, 32, 33
11 U.S.C. § 548 ................................................................................... 6, 20, 22, 23, 31, 33
11 U.S.C. § 550 ........................................................................................ 20, 22, 23, 33
28 U.S.C. § 157 ...................................................................................... 1, 10, 24, 34, 35
28 U.S.C. § 158 ................................................................................................ 10, 11
28 U.S.C. § 1334 .................................................................................................. 10

## STATE STATUTES

California Civil Code § 3439 ........................................................... 2, 6, 20, 21, 31, 33

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT[1]

Appellee Jason M. Rund, the duly appointed and acting Chapter 7 Trustee

(the "Trustee") for the bankruptcy estate of consolidated debtors EPD Investment

Co., LLC and Jerrold S. Pressman (the "Debtors") has pending statutorily "core"

bankruptcy claims to avoid and recover fraudulent transfers,[2] and "core"

bankruptcy claims relating to disallowance or equitable subordination of proofs of

claim[3] against Appellants John C. Kirkland ("John Kirkland") and Poshow Ann

Kirkland ("Poshow Kirkland") individually and in her capacity as the trustee of the

Bright Conscience Trust Dated September 9, 2009 (the "BC Trust") (collectively,

the "Kirklands").  The Kirklands appeal the District Court's orders affirming the

Bankruptcy Court's denial of the Kirklands' motions to compel binding arbitration

---

[1] In accordance with Rule 28(e) of the Federal Rules of Appellate Procedure, all citations to Appellant's Excerpts of Record ("AER"), are as follows: AER (Volume Number), (Appendix Page Number):(Paragraph or Line Number, where appropriate).  The reference to the Appendix Page Number will refer to Appellant's bates nos. (0001-0751), located on the bottom right of each page of the AER.

[2] *See* 28 U.S.C. § 157(b)(2) (A), (C), (H) and (K).  Pursuant to *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565-566 (9th Cir. 2012) *aff'd sub nom. Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014)("*Bellingham*"), fraudulent transfer claims remain "in the core," and bankruptcy courts have the authority to propose findings of fact and conclusions of law as to non-creditors.  Only the power to enter final judgment against non-creditors is impacted.  Poshow Kirkland admits that she has filed multiple proofs of claim in the Debtors bankruptcy case on behalf of the Bright Conscience Trust Dated September 9, 2009.

[3] *See* 28 U.S.C. § 157(b)(2) (A), (C), (K).

1

as to the Trustee's "core" bankruptcy claims.[4]  The District Court properly held on

appeal that the Trustee's fraudulent transfer claims belonged to creditors prior to

the Debtors' bankruptcy case pursuant to California Civil Code § 3439, *et seq.* (the

California Uniform Fraudulent Transfer Act), and that the Debtors had no right to

bring those claims or agree to arbitrate those claims.  Any arbitration agreements

entered into between the Debtors and the Kirklands prior to the bankruptcy case

have no impact on the fraudulent transfer claims.  The District Court further

properly held that the Bankruptcy Court had discretion to decline to enforce

arbitration agreements as to "core" claims and properly exercised that discretion

pursuant to *In re Thorpe Insulation Co.*, 671 F.3d 1011 (9th Cir. 2012) ("*Thorpe*").

As held in *Thorpe*, whether the Bankruptcy Court has discretion to deny a motion

to compel arbitration is a question of law subject to de novo review.  If this Court

concludes that the Bankruptcy Court had discretion, this Court reviews the exercise

of discretion for abuse of discretion.  *Thorpe* at 1019-1020, citing *Gandy v. Gandy*

*(In re Gandy)*, 299 F.3d 489, 494 (5th Cir. 2002).[5]

---

[4] AER 1, pp. 15-22 (CV 13-09023); and, AER 1, pp. 23-32 (CV 13-08768).

[5] In Poshow Kirkland's District Court opening brief on appeal, and in John
Kirklands' second amended reply brief on appeal, the Kirklands cited *Thorpe* for
the standard of review.  However, the Kirklands cited only the portion of the
standard dealing with de novo review.  They did not cite the next sentence as to the
abuse of discretion standard if the Court determines that the Bankruptcy Court had
discretion. In the Kirklands' opening brief (Docket No. 23, the "AOB") filed in
this Court, the Kirklands cite a non-bankruptcy case as to the de novo standard of
review, ignoring the abuse of discretion standard until page 48 of the AOB.

2

Although *Thorpe*, a Ninth Circuit case, holds that bankruptcy courts have discretion to deny the enforcement of arbitration provisions as to core proceedings, the Kirklands contend on appeal that the Bankruptcy Court was not entitled to decide the issue at all, and that an arbitrator, rather than the Bankruptcy Court, should have determined whether the arbitration provisions applied. The Kirklands contend that the Bankruptcy Court lacked discretion to deny their motion. In making that argument, the Kirklands implicitly ask this Court to ignore the holdings in *Thorpe* and *In re Eber*, 687 F.3d 1123, 1129-1131 (9th Cir. 2012) ("*Eber*"). The Kirklands state that the District Court in concluding that the arbitration agreements did not apply "...explained that this issue depends upon the application of substantive bankruptcy law and the capacity in which Rund is acting, rather than interpretation of the arbitration agreements (*Id.*) But that is irrelevant."[6] *Thorpe* and *Eber* provide that substantive bankruptcy law does impact the application of arbitration provisions in bankruptcy cases as to core claims. Although the Kirklands argue that substantive bankruptcy law is "irrelevant,"[7] *Thorpe* and *Eber* stand to the contrary. The Kirklands argue for what amounts to a *de facto* private bankruptcy case where "[t]he arbitrator can adjudicate the facts underlying the entire dispute, including the disallowance/equitable subordination

---

[6] AOB, p. 38.

[7] *Id.*

claim, and the bankruptcy court will then be able to confirm the arbitration award and implement it in administering the EPD estate."[8]  The Kirklands' proposed *de facto* private bankruptcy to be conducted by an arbitrator is contrary to the purposes of the Bankruptcy Code.

As alleged in the Trustee's adversary proceeding against the Kirklands, the Debtors operated as a Ponzi scheme prior to the Debtors' bankruptcy case. Appellant John Kirkland was the attorney for debtor EPD Investment Co., LLC ("EPD") during the Debtors' bankruptcy case and appeared and filed pleadings with the Bankruptcy Court on behalf of EPD[9] until his law firm withdrew as counsel of record, [10] and was also the Debtors' attorney prior to the bankruptcy case.[11]  Appellant Poshow Kirkland is the wife of John Kirkland and has filed multiple proofs of claim in the Debtors' bankruptcy case on behalf of the Kirklands' family trust (the BC Trust)[12] based on assignment of John Kirkland's purported claims. [13]  Poshow Kirkland contends that the Bright Conscience Trust is a secured creditor as to the Debtors' assets and that the claim is in excess of $2

---

[8] AOB, p. 27.

[9] *See, e.g.,* AER 3, pp. 337-345.

[10] AER 3, pp. 347-349.

[11] *See, e.g.*, AER 2, pp. 234-258.

[12] AER 3, pp. 356-363.

[13] AOB, p. 8.

067

million.[14]  Although Poshow Kirkland filed the proofs of claim on behalf of the BC

Trust, John Kirkland appeared and testified as the designated person most qualified

for the Bright Conscience Trust at a Fed. R. Bankr. P. 2004 examination in the

Debtors' bankruptcy case.[15]  This is one of 8 appeals that the Kirklands have filed

as to various orders in the Debtors' bankruptcy case.[16]  In addition to the claims at

---

[14] AOB, pp. 10-11.

[15] AER 3, pp. 290-291: 17-25, 1-2.

[16]     1, 2 and 3. USDC Nos. 2:13-cv-08768, and 2:13-cv-09023 (appeals of the
Bankruptcy Court's order denying the Kirklands' motions to compel arbitration)
(before the Court in this consolidated appeal), and the current appeal. Below, the
District Court affirmed the Bankruptcy Court's orders denying the Kirklands'
motions. (Document No. 29, 13-08768) (Document No. 15, 13-09023);

    4. USDC No. 2:13-cv-8910, Ninth Circuit Bankruptcy Appellate Panel
("BAP") No. 13-1525 (Poshow Kirkland's appeal of the Bankruptcy Court's order
approving a compromise between Greenberg Traurig and the Trustee). Dismissed
for lack of standing on March 17, 2014, *see* Document No. 18;

    5. USDC No. 2:13-cv-8938, BAP No. 13-1532 (Poshow Kirkland's appeal
of the Bankruptcy Court's order approving a compromise between Luce Forward
and the Trustee). Dismissed for lack of standing on June 11, 2014, *see* Document
No. 24;

    6. USDC No. 2:14-01845; BAP No. 14-1001 (Poshow Kirkland's appeal of
the Bankruptcy Court's order granting the interim fee applications of the Trustee's
employed professionals). Closed per minute order consolidating case with USDC
No. 14-01288;

    7. USDC No. 2:14-01288, BAP No. 14-1002 (Poshow Kirkland's appeal of
the Bankruptcy Court's order deeming Poshow Kirkland's objection to entry of
order on fee applications … as a motion for reconsideration of prior ruling and
denying the same). Appellant's Motion for leave to file interlocutory appeal
denied on December 22, 2014, *see* Document No. 34; and,

    8. USDC No. 2:14-cv-08371, BAP No. 14-1430 (Poshow Kirkland's appeal
of the Bankruptcy Court's order authorized the Trustee to pay previously allowed
but unpaid fees). Voluntarily dismissed by Appellant on January 22, 2015, *see*
Document No. 10.

5

issue in this consolidated appeal, the Kirklands have opposed, and filed appeals, as to the Trustees' motions to approve settlements with two of John Kirklands' prior law firms and to approve the payment of fees and costs for the Trustees' professionals. Each of the Kirklands' other appeals have been dismissed by the District Court, except for one appeal which was voluntary dismissed by the appellant (Poshow Kirkland).

The Kirklands seek to enforce arbitration agreements between the Kirklands and the Debtors entered into prior to the Debtors' bankruptcy case. However, the Trustee's claims against Poshow Kirkland and the Bright Conscience Trust are not claims that were held by the Debtors prior to the Debtors' bankruptcy case, and are not claims that the Debtors had the right or ability to agree to arbitrate. Rather, the Trustee's fraudulent transfer claims belonged to creditors prior to the bankruptcy filings pursuant to California Civil Code § 3439, *et seq.* (the California Uniform Fraudulent Transfer Act). The Trustee's fraudulent transfer claims were brought pursuant to 11 U.S.C. § 544, 548 and California Civil Code § 3439, *et seq.* Pursuant to those statutes, the Debtors *never* had any right or ability to bring claims for the avoidance and recovery of fraudulent transfers from the Debtors to Poshow Kirkland and the Bright Conscience Trust, and therefore never had the ability to contract to arbitrate those claims.

6

Similarly, the Trustee's other claims against Poshow Kirkland and the Bright
Conscience Trust, for disallowance of proofs of claim filed by Poshow Kirkland in
the Debtors' bankruptcy case or for equitable subordination of those proofs of
claim, are claims that only arose after the Debtors' bankruptcy filings pursuant to
the Bankruptcy Code (*see, e.g.,* 11 U.S.C. §§ 502, 506 and 510(c)). Those claims
relate solely to the proofs of claim that Poshow Kirkland and the BC Trust filed in
the bankruptcy case. The Debtors never had a right or ability to contract to
arbitrate claims relating to proofs of claim to be filed in the Debtors' bankruptcy
case.

Moreover, to have an arbitrator make decisions as to some or all of the
Trustee's core bankruptcy claims against the Kirklands would conflict with the
purposes underlying the Bankruptcy Code. Poshow Kirkland has filed multiple
proofs of claim in the Debtors' bankruptcy case on behalf of the BC Trust[17],
willingly subjecting herself to the jurisdiction of the Bankruptcy Court. *See, e.g.,*
*In re PNP Holdings Corp.*, 184 B.R. 805, 806-807 (9th Cir. BAP 1995) *aff'd,* 99
F.3d 910 (9th Cir. 1996), as cited by the District Court on appeal.[18] John Kirkland
appeared in the Bankruptcy Court and filed pleadings in the Bankruptcy Court,
including representations made in the pleadings to the Bankruptcy Court and
creditors for the benefit of the Poshow Kirkland and the BC Trust. Requiring the

---

[17] AER 3, pp. 356-363.
[18] AER 1, p. 30.

7

arbitration of the Trustee's claims against the Kirklands would result in a "*de facto*
private bankruptcy presided over by the arbitrator*.*" As held by the District Court
on appeal, the outcome of the determination of the fraudulent transfer claims, and
the claims to disallow or equitably subordinate the proofs of claim filed by the
Kirklands, will have a substantial impact on the distribution to creditors in the
Debtors' bankruptcy case. To the extent that certain claims are arbitrated, it may
result in piecemeal litigation and inconsistent findings.

Given that the Debtors did not have the right to enter into arbitration
agreements as to the claims in the Trustee's pending adversary proceeding, the
claims are core bankruptcy claims according to the statute, and arbitrating the
claims would conflict with the underlying purposes of the Bankruptcy Code, the
District Court properly held on appeal that the Bankruptcy Court appropriately
exercised its discretion to deny the enforcement of the arbitration provisions.

The Trustee respectfully requests that this Court affirm the District Court's
orders affirming the Bankruptcy Court's order denying the Kirklands' motion to
compel arbitration.

## II. ISSUES PRESENTED AND STANDARD OF APPELLATE REVIEW

### A. Issues Presented.

The Kirklands present the issues on appeal as whether the District Court
erred in ruling that: (1) the Bankruptcy Court, rather than an arbitrator, decides

8

whether arbitration is required; (2) the arbitration clauses did not apply to the

Trustee's claims against the Kirklands; and (3) it was not appropriate to compel

arbitration of the Trustee's claims against the Kirklands.[19]

Although the Kirklands now present multiple issues on appeal to this Court,

in her appeal to the District Court, Poshow Kirkland asserted in her reply brief that

"[t]he *sole issue* before this Court is whether the Bankruptcy Court had discretion

to decline to enforce certain arbitration provisions, which exists only if the party

opposing arbitration demonstrates a specific 'inherent conflict' with the underlying

statutory scheme."[20]  As reflected in the District Court's order affirming the

motion as to Poshow Kirkland, the District Court stated that "Appellant, therefore,

does not argue that the Bankruptcy Court abused its discretion in denying the

Motion, only that it had no discretion to deny it."[21]

### B.    Standard of Appellate Review.

The standard of review as to a bankruptcy court's denial of a motion to

compel arbitration is a two-step inquiry.  "Whether a bankruptcy court has

discretion to deny a motion to compel arbitration is a question of law that we

review de novo. *Gandy v. Gandy (In re Gandy),* 299 F.3d 489, 494 (5th Cir.2002).

If we conclude that the bankruptcy court had discretion, we review its exercise of

---

[19] AOB, pp. 3-4.

[20] AER 4, pp. 587 (emphasis in original).

[21] AER 1, p. 16.

discretion only for abuse of discretion. *Id.*" *In re Thorpe Insulation Co.*, 671 F.3d 1011, 1019-20 (9th Cir. 2012), *cert. denied*, (U.S. 2012) 133 S.Ct. 119.[22]

### C.    Jurisdiction.

The Kirklands state that "[t]he district court had jurisdiction over this bankruptcy case under 28 U.S.C. §§ 158(a) (2012) and 1334(a)-(b) (2012)."[23]  28 U.S.C. § 158(a) refers to District Court jurisdiction to hear appeals.

Although the Kirklands contend in their opening brief that the Bankruptcy Court does not have the authority to hear and determine the Trustee's claims in the Adversary Proceeding as purportedly "non-core"[24] proceedings, the Kirklands did not question the finality of the Bankruptcy Court's order, and did not object to the Bankruptcy Court's order as proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1).  Instead, the Kirklands treated the claims as "core" claims that the Bankruptcy Court had the ability to hear and determine pursuant to 28 U.S.C. § 157(b)(1).  The Kirklands appealed the Bankruptcy

---

[22] In Poshow Kirkland's District Court opening brief on appeal (AER 4, p. 542), and in John Kirklands' second amended reply brief on appeal (AER 4, 675), the Kirklands cited *Thorpe* for the standard of review.  However, the Kirklands cited only the portion of the standard dealing with de novo review.  They did not cite the next sentence as to the abuse of discretion standard if the Court determines that the Bankruptcy Court had discretion.  In the Kirklands' AOB filed in this Court, the Kirklands cite a non-bankruptcy case as to the de novo standard of review, ignoring the abuse of discretion standard until page 48 of the AOB.

[23] AOB, p. 2.

[24] *See, e.g.,* AOB, p. 4.

10

Court's order to the District Court, rather than treating the order as proposed

findings of fact and conclusions of law. Although the Bankruptcy Court's order is

not "final," this Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §

158(d)(1) given that the order is determinative as to the issue of arbitration.

## III.   STATEMENT OF THE CASE

### A.   Nature of the Case, Course of the Proceedings, and Disposition Below.

John Kirkland filed,[25] and Poshow Kirkland joined in,[26] the motion to

compel the arbitration of the Trustee's statutorily core bankruptcy claims against

the Kirklands and the Bright Conscience Trust. The claims for relief in the

Trustee's operative complaint, the Second Amended Complaint, are for: (1)

disallowance of proofs of claim, or, in the alternative, for equitable subordination

of the proofs of claim; (2) avoidance of fraudulent transfers made by the Debtors

with actual intent to hinder, delay or defraud creditors; (3) avoidance of

constructively fraudulent transfers; and (4) recovery of avoided transfers.[27]

The Bankruptcy Court denied the motion. The Kirklands each appealed the

Bankruptcy Court's order denying the motion to the District Court. On April 9,

2014, the District Court entered its Order Affirming the Bankruptcy Court's Order

---

[25] AER 2, pp. 186-259.

[26] AER 2, pp. 263-266.

[27] AER 2, pp. 89-116.

Denying Motion to Compel Arbitration and Stay Adversary Proceeding in the Poshow Kirkland appeal (CV 13-09023-SJO). On August 29, 2014, the District Court entered its Order Affirming the Bankruptcy Court's Order Denying Motion to Compel Arbitration and Stay Adversary Proceeding in the John Kirkland appeal (CV 13-08768). John Kirkland has filed an answer to the Trustee's Second Amended Complaint.[28]

The Kirklands filed a motion to consolidate the appeals and to set a common briefing schedule, and this Court granted the motion.

**B.  Statement of Facts.**

### 1.  The EPD Involuntary Petition, the Order for Relief, and the Pressman Bankruptcy Case.

Petitioning creditors Arthur Huerth, Leslie Huerth, the estate of Dale Saeger, Jayne Saeger as trustee of the Saeger Declaration of Trust 7/22/94, Orland McCarthy, Vicki McCarthy and Jenny Lee filed an involuntary petition against debtor EPD Investment Company LLC ("EPD") on December 7, 2010; the Bankruptcy Court entered an Order for Relief on February 9, 2011.[29]

On February 1, 2012, Jerrold S. Pressman ("Pressman") filed a voluntary Chapter 7 petition.[30]

---

[28] AOB, p. 16.; AER 3, pp. 459-467.

[29] AOB, p. 10.

[30] *Id.*

### 2. Substantive Consolidation.

On April 27, 2012, the Trustee filed a motion to substantively consolidate

the bankruptcy estates of EPD and Pressman, and on June 4, 2012, the Bankruptcy

Court entered an Order granting the substantive consolidation motion.[31]  Jason

Rund is now the Chapter 7 Trustee for the consolidated estate bankruptcy estate of

EPD and Pressman (the "Estate" or the "Consolidated Estate").

### 3. Kirkland-Related Proofs of Claim.

John Kirkland's co-defendant in the Adversary Proceeding, the BC Trust, is

John Kirkland's family trust, and Poshow Kirkland is the purported trustee of that

trust.[32]  In 2009, the year before the Debtors' bankruptcy case was filed, John

Kirkland assigned his claims as to EPD to the BC Trust.[33]  The BC Trust has

subsequently filed four proofs of claim in the Debtors' bankruptcy case, each

signed by John Kirkland's wife, Poshow Kirkland.[34]  As set forth in the Second

Amended Complaint, the BC Trust's proofs of claim, and purportedly secured

claims against assets of the Debtors, are based on an assignment from John

Kirkland to the BC Trust.

---

[31] AOB, p. 10.

[32] *See, e.g.,* AER 1, pp. 23; AOB, p. 8.

[33] AOB, p. 8.

[34] AER 3, pp. 356-363.

13

### 4. The Adversary Proceeding Against the Kirklands and Settlements with Law Firms Where Kirkland Was an Attorney.

The Trustee filed an adversary complaint against the Kirklands and the BC

Trust on October 31, 2012[35] (the "Adversary Proceeding"). The complaint

included claims for post-petition and post-order for relief legal malpractice,

fraudulent concealment, breach of fiduciary duty, fraud upon the Court, aiding and

abetting breach of fiduciary duty, and avoidance and recovery of fraudulent

transfers against Kirkland. The complaint also included claims against the

Kirklands and the BC Trust for avoidance and recovery of fraudulent transfers (a

UCC-1 financing statement and lien recorded and encumbering the assets of EPD

and Pressman).[36] The Trustee filed his First Amended Complaint on December 7,

2012.[37]

After filing the First Amended Complaint, the Trustee entered into a

settlement agreement with Luce Forward Hamilton & Scripps LLP ("Luce

Forward") relating to claims by the Trustee against Luce Forward based on

Kirkland's actions while an attorney and partner at Luce Forward both prior to and

after the filing of the Debtors' bankruptcy case.[38] As part of the settlement

---

[35] AER 2, pp. 33-60.

[36] AER 2, pp. 48-51.

[37] AER 2, pp. 61-88.

[38] *See, e.g.,* AER 4, p. 565.

14

agreement, Luce Forward agreed to pay the Trustee $750,000.00. The Trustee

filed his Second Amended Complaint on May 24, 2013.[39] The Second Amended

Complaint provided greater detail in the general allegations as to the claims against

the Kirklands and the BC Trust. In addition, pursuant to the settlement agreement

between the Trustee and Luce Forward, which was approved by the Bankruptcy

Court, the Second Amended Complaint removed the claims against Kirkland for

post-petition legal malpractice, fraudulent concealment, breach of fiduciary duty,

fraud upon the Court, and aiding and abetting breach of fiduciary duty, which

claims were based on the time period while Kirkland was an attorney and partner

at Luce Forward.[40] The settlement agreements between the Trustee and Luce

Forward, and between the Trustee and Greenberg Traurig LLP, expressly

preserved the claims in the Second Amended Complaint.[41]

---

[39] AER 2, pp. 89-116.

[40] *See generally, Id.*

[41] The Kirklands have stated in their opening brief that the Trustee has "released
John from liability based on the same conduct that forms the basis for the
disallowance/equitable subordination claim against the Trust." (AOB, p. 28). That
statement is incorrect. Moreover, this argument appears for the first time in the
AOB and has not been previously raised. The Court is therefore asked to disregard
this factual misrepresentation. To the extent the Court considers this argument, the
Trustee requests that the Court take judicial notice of the motions he filed with the
Bankruptcy Court seeking approval of the agreements with Greenberg Traurig and
Luce Forward pursuant to Fed. R. Bankr. P. 9019 (Bankruptcy Court Docket Nos.
507, and 681) and the orders approving the same (729, 730, 743, and 750). The
agreements themselves clearly dispel any notion that John has been released from
liability regarding the pending claims. The claims in the Second Amended

15

Poshow Kirkland filed an appeal in regard to the Bankruptcy Court's order

approving the settlement agreement between the Trustee and Luce Forward.[42]  The

District Court dismissed the appeal.[43]  Poshow Kirkland separately appealed the

Bankruptcy Court's order approving a settlement agreement between the Trustee

and Greenberg Traurig LLP (another law firm at which Kirkland was an attorney

and partner).[44]  The District Court also dismissed that appeal.[45]  Between Luce

Forward and Greenberg Traurig, the law firms have agreed in settlement

agreements to pay $1.25 million to the Trustee based on claims relating to acts (or

failures to act) while Kirkland was an attorney and partner at those firms.  The

Trustees' claims against the Kirklands in the Second Amended Complaints were

expressly preserved by the Trustee in the settlement agreements with John

Kirklands' prior law firms.[46]

Kirkland filed a motion to withdraw the reference in regard to the Adversary

Proceeding on July 31, 2013.[47]  On September 24, 2013, the District Court entered

an order denying Kirkland's motion to withdraw the reference.[48]

---

Complaint have been preserved.

[42] District Court Case No. 2:13-cv-8938-SJO.

[43] District Court Case No. 2:13-cv-8938-SJO, Document No. 24.

[44] District Court Case No. 2:13-cv-8910-SJO.

[45] District Court Case No. 2:13-cv-8910-SJO, Document No. 18.

[46] *See* footnote 41, *supra*.

[47] AER 2, pp. 158-177.

16

### 5. The Motion to Compel Arbitration.

On September 26, 2013, John Kirkland filed the motion to compel

arbitration in the Bankruptcy Court.[49] On October 17, 2013 Poshow Kirkland

joined in that motion.[50] On October 22, 2013 the Trustee filed his opposition to the

motion.[51] On October 29, 2013, the Kirklands both filed reply briefs in support of

the motion.[52] On November 15, 2013, the Bankruptcy Court denied the motion,

incorporating by reference in its ruling its prior tentative ruling regarding the

motion.[53]

The Kirklands filed notices of appeal.[54] The Kirklands thereafter filed

motions to stay the adversary proceeding pending the outcome of the appeals. The

Bankruptcy Court granted the motions to stay the adversary proceeding pending

appeal.

On April 9, 2014, the District Court entered its Order Affirming the

Bankruptcy Court's Order Denying Motion to Compel Arbitration and Stay

---

[48] AER 2, 178-185.

[49] AER 2, pp. 186-259.

[50] AER 2, pp. 263-266.

[51] AER 3, pp. 267-294.

[52] AER 3, pp. 387-393; AER 3, p. 394-401.

[53] AER 1, pp. 1-11; AER 1, pp. 12-14.

[54] AER 3, pp. 408-410; AER 3, pp. 442-447.

Adversary Proceeding in the Poshow Kirkland appeal (CV 13-09023-SJO).[55]  On

August 29, 2014, the District Court entered its Order Affirming the Bankruptcy

Court's Order Denying Motion to Compel Arbitration and Stay Adversary

Proceeding in the John Kirkland appeal (CV 13-08768).[56]

## IV.    ARGUMENT

### A.    The Arbitration Agreements Are Not Enforceable As To the Claims in the Adversary Proceeding.

The agreements referenced in the Kirklands' opening brief, in the District

Court appeal, and before the Bankruptcy Court, are agreements between the

Kirklands and the Debtors.  The Kirklands do not contend that they entered into

any arbitration agreements with the Trustee or with each of the Debtors' creditors.

The Kirklands make generic arguments as to the enforcement of arbitration

provisions in non-bankruptcy cases, such as that "[t]he FAA applies to this case

because the arbitration agreements are in writing, and Rund's claims arise out of

transactions in interstate commerce."[57]  The Kirklands cite to non-bankruptcy cases

for the proposition that the arbitration provisions apply because the transactions

that the Kirklands took part in are embodied in the agreements containing

arbitration provisions, and, citing to *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,

---

[55] AER 1, pp. 15-22.

[56] AER 1, pp. 23-32.

[57] AOB, p. 20.

207 F.3d 1126, 1131, 1134 (9th Cir. 2000), because the Trustee's allegations "at the very least "relate to" the agreements."[58] *Chiron* is a non-bankruptcy pre-*Thorpe* case (*Chiron* was decided in 2000, whereas *Thorpe* was decided in 2012). As set forth below, the Trustee's claims in the Adversary Proceeding were never claims of the Debtors any point, and the Debtors never had the right to agree to arbitrate those claims. The arbitration provisions therefore are not enforceable as to any claims in the Adversary Proceeding.

The only claims in the Trustee's second amended complaint against the Kirklands are for avoidance and recovery of fraudulent transfers, and for disallowance or equitable subordination of proofs of claim filed by the BC Trust in the Debtors' bankruptcy case. As discussed further below, the Debtors did not own or have any right to control those claims prior to the bankruptcy case and had no right or ability to agree to arbitrate those claims at any point.

### 1. The District Court Properly Held That the Trustee's Claims for Avoidance and Recovery of Fraudulent Transfers are Not Governed by any Arbitration Agreement

The District Court properly held on appeal that, as a matter of law, the Trustee's fraudulent transfer claims were held by creditors prior to the Debtors' bankruptcy case and were not subject to any pre-petition arbitration agreements.

---

[58] AOB, p. 32.

The Trustee's claims for the avoidance and recovery of fraudulent transfers
are based on the pre-petition claims of creditors (California Civil Code § 3439, *et
seq.*) and the post-petition claims of the Trustee arising upon the filing of the
Debtors' bankruptcy case and the entry of the Order for Relief in the bankruptcy
case (11 U.S.C. §§ 544, 548 and 550).[59]  Those claims were never property of the
Debtors.

As to the pre-petition claims asserted by the Trustee for the avoidance and
recovery of fraudulent transfers, California Civil Code § 3439.04 and 3439.07
make clear that creditors have standing to avoid and recover fraudulent transfers
pursuant to the California Uniform Fraudulent Transfers Act when transfers are
fraudulent "as to a creditor":

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a
> creditor, whether the creditor's claim arose before or after the transfer was
> made or the obligation was incurred, if the debtor made the transfer or
> incurred the obligation as follows: (1) With actual intent to hinder, delay, or
> defraud any creditor of the debtor.  (2) Without receiving a reasonably
> equivalent value in exchange for the transfer or obligation, and the debtor
> either: (A) Was engaged or was about to engage in a business or a
> transaction for which the remaining assets of the debtor were unreasonably
> small in relation to the business or transaction.  (B) Intended to incur, or
> believed or reasonably should have believed that he or she would incur,
> debts beyond his or her ability to pay as they became due.

California Civil Code § 3439.04.

---

[59] *See, generally,* Trustee's Second Amended Complaint, AER 2, pp. 89-116.

California Civil Code § 3439.07 is titled "Remedies of Creditors" and states

that "(a) In an action for relief against a transfer or obligation under this chapter, a

creditor, subject to the limitations in Section 3439.08, may obtain: (1) Avoidance

of the transfer or obligation to the extent necessary to satisfy the creditor's

claim…"

As to the Trustee's post-petition claims, 11 U.S.C. § 544(b)(1) states that

"[e]xcept as provided in paragraph (2), the trustee may avoid any transfer of an

interest of the debtor in property or any obligation incurred by the debtor that is

voidable under applicable law by a creditor holding an unsecured claim that is

allowable under section 502 of this title or that is not allowable only under section

502(e) of this title." Section 544 pertains to rights of creditors, not to rights of

debtors. The Trustee holds the rights of creditors to avoid and recover pre-petition

fraudulent transfers after the bankruptcy case is commenced pursuant to Section

544.

Case law is clear that the Trustee's claims pursuant to § 544 and California

Civil Code § 3439, *et seq.* are not claims that ever belong to debtors and are not

subject to arbitration agreements entered into pre-petition. See, *e.g., Hays & Co. v.

Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1155 (3d Cir.

1989)("It follows that the trustee cannot be required to arbitrate its section 544(b)

claims and that the district court was not obliged to stay them pending

21

arbitration."); *In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 206-07 (Bankr. S.D.N.Y. 2002)(" Under non-bankruptcy law, the debtor cannot sue to recover its own fraudulent transfers. Section 544(b), however, puts the trustee in the creditors' shoes, and allows him to assert claims that only they could assert outside of bankruptcy. The claims inherited from the creditors are not arbitrable for the reasons explained in *Allegaert v. Perot,* 548 F.2d 432 (2d Cir.), *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1084 (1977)."); *In re APF Co.*, 264 B.R. 344, 363 (Bankr. D. Del. 2001)("However, where the trustee brings a cause of action on behalf of creditors which the Bankruptcy Code itself authorizes the trustee to assert on the creditors' behalf, the cause of action derives from the Bankruptcy Code, *not* from the debtor. *Hays,* 885 F.2d at 1155, Consequently, these claims are not subject to mandatory arbitration because the parties on whose behalf the trustee is acting, i.e., the creditors, are not a party to the arbitration agreement and are thus not bound by its terms.") *See also In re Bethlehem Steel Corp.*, 390 B.R. 784, 790-91 (Bankr. S.D.N.Y. 2008).

The remaining fraudulent transfer claims asserted by the Trustee are pursuant to §§ 548 and 550. Section 548 states that "[t]he trustee may avoid any transfer…" Section 550(a) states that "…the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such

property…" As set forth in the statutes, §§ 548 and 550 are claims of the Trustee, not claims of the Debtors.

The District Court properly held as a matter of law that the Debtors had no ability to agree to arbitrate any of the fraudulent transfer claims that were held by creditors pre-petition, or by the Trustee post-petition.

> ### 2. The Statutorily Core Claims For Disallowance of Proofs of Claim and/or Equitable Subordination are Not Governed by any Arbitration Agreement

Poshow Kirkland filed multiple proofs of claim on behalf of the BC Trust in the Debtors' bankruptcy case based on an assignment from John Kirkland. In doing so, Poshow Kirkland voluntarily subjected herself to the jurisdiction of the Bankruptcy Court to adjudicate those claims as part of claims administration pursuant to the Bankruptcy Code. *See* 11 U.S.C. §§ 502, 506 and 510(c) and *In re PNP Holdings Corp.*, 184 B.R. 805, 806-807 (9th Cir. BAP 1995) aff'd, 99 F.3d 910 (9th Cir. 1996), as cited by the District Court on appeal.

> #### a. Equitable Subordination

The District Court held that the disallowance and equitable subordination claims could be subject to pre-petition arbitration provisions. The District Court therefore considered whether arbitration of those claims would conflict with the purposes of the Bankruptcy Code and determined that arbitration would in fact conflict with those purposes.

In addition to the grounds upon which the District Court held that the disallowance and equitable subordination claims are not subject to arbitration, the Debtors also had no ability to agree to arbitrate the claims. Disallowance and equitable subordination claims are unique to the bankruptcy process and would not exist but for the bankruptcy. Those claims are created by the Bankruptcy Code. Section 510(c) of the Bankruptcy Code provides that the Bankruptcy Court may:

> "(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or (2) order than any lien securing such a subordinated claim be transferred to the estate."

11 U.S.C. § 510(c).

An equitable subordination claim pursuant to § 510(c) of the Bankruptcy Code did not exist prior to the Debtors' bankruptcy case. Since the Trustee's equitable subordination claim would not exist but for the bankruptcy case, and is based on the Bankruptcy Code section, it is not a claim that a debtor can agree to arbitrate prior to a bankruptcy case. *See, e.g., In re First Alliance Mortgage Co.*, 2002 WL 1303036 (C.D. Cal. Jan. 9, 2002)("Furthermore, it does not appear that a claim for equitable subordination is subject to arbitration. Such a claim is a core proceeding, as it is central to the Court's equitable power to administer the assets of the estate. 28 U.S.C. § 157(b)(2)(A). Arbitration could therefore not be had when it infringes on the heart of a bankruptcy court's jurisdiction." *See also In re*

24

**087**

*Transport Associates, Inc.*, 263 B.R. 531, 535-36 (Bankr. W.D. Ky. 2001)("With

reference to the Trustee's equitable subordination claim against NU arising under

11 U.S.C. § 510(c), we find this cause of action unique to the bankruptcy process

and outside the scope of the arbitration clause, and therefore, we decline to refer

the Trustee's § 510(c) claim to arbitration. *See In re Barney's, Inc.,* 206 B.R. 336

(Bankr.S.D.N.Y.1997).")

### b.    Disallowance of Claims

Allowance or disallowance of proofs of claim filed in the Debtors'

bankruptcy case also arises solely based on the Bankruptcy Code.  Section 502 of

the Bankruptcy Code provides for the allowance of, or objection to, claims.  *See* 11

U.S.C. § 502.  *See also* 11 U.S.C. § 506 (as to determination of secured status).

Arbitration of the claims administration and determination process, which exist

solely based on the Bankruptcy Code, and did not exist prior to the Debtors;

bankruptcy case, are not claims that the Debtors had the right to agree to arbitrate

prior to the bankruptcy case.

### B.    The Bankruptcy Court Appropriately Exercised Its Discretion to Deny Enforcement of the Arbitration Agreements.

The District Court properly held on appeal that the Bankruptcy Court had

the discretion to decline to enforce the Debtors' pre-petition arbitration agreements

with the Kirklands.  Pursuant to *Thorpe* the Bankruptcy Court's exercise of that

25

discretion is reviewed only for abuse of discretion. *Thorpe* at pp. 1019-20.

*Thorpe* holds that bankruptcy courts have the discretion to deny enforcement

of an arbitration agreement where the proceeding is a core proceeding, and where

arbitration would conflict with the underlying purposes of the Bankruptcy Code:

> **In core proceedings, by contrast, the bankruptcy court, at least when it sees a conflict with bankruptcy law, has discretion to deny enforcement of an arbitration agreement.** *Phillips v. Congelton, L.L.C. (In re White Mountain Mining Co.),* 403 F.3d 164, 169 (4th Cir.2005); *In re U.S. Lines,* 197 F.3d at 640; *In re Nat'l Gypsum,* 118 F.3d at 1067–68; Domke, *supra,* § 52:7. The rationale for the core/non-core distinction, as explained by the Second Circuit, is that non-core proceedings "are unlikely to present a conflict sufficient to override by implication the presumption in favor of arbitration," whereas core proceedings "implicate more pressing bankruptcy concerns." *In re U.S. Lines,* 197 F.3d at 640. However, "not all core bankruptcy proceedings are premised on provisions of the Code that 'inherently conflict' with the Federal Arbitration Act; nor would arbitration of such proceedings necessarily jeopardize the objectives of the Bankruptcy Code." *In re Nat'l Gypsum,* 118 F.3d at 1067. We agree that the core/non-core distinction, though relevant, is not alone dispositive. **We join our sister circuits in holding that, even in a core proceeding, the *McMahon* standard must be met—that is, a bankruptcy court has discretion to decline to enforce an otherwise applicable arbitration provision only if arbitration would conflict with the underlying purposes of the Bankruptcy Code.** *See McMahon,* 482 U.S. at 227, 107 S.Ct. 2332; *In re Elec. Mach. Enters.,* 479 F.3d at 796 (Eleventh Circuit); *In re Mintze,* 434 F.3d at 231 (Third Circuit); *In re White Mountain Mining,* 403 F.3d at 169–70 (Fourth Circuit); *In re U.S. Lines,* 197 F.3d at 640 (Second Circuit); *In re Nat'l Gypsum,* 118 F.3d at 1069–70 (Fifth Circuit).

*Thorpe* at p. 1021 (bold and underlined emphasis added).

As set forth in *Thorpe*, the Bankruptcy Court was within its discretion to

deny the Kirklands' motion to compel arbitration. In exercising its discretion, the

Bankruptcy Court denied the motion, finding that:

> "...[E]nforcing the arbitration provisions herein would conflict with the purpose underlying the Bankruptcy Code of having bankruptcy law issues decided by bankruptcy courts. In addition, allowing arbitration of those fraudulent transfer claims based on California law would conflict with the purposes of the Code of centralizing resolution of bankruptcy disputes and protecting parties from piecemeal litigation..."[60]

The District Court subsequently held in detailed findings in relation to Kirkland's

appeal that:

> Parallel proceedings in the Bankruptcy Court and arbitration would produce the risk of contrary or inconsistent findings—not only concerning Appellant's relationship with the BC Trust, but also his relationship with the Debtors. (See App. 287.) The preclusive effect of such findings would hinder the Bankruptcy Court's administration of the estate, or worse, result in a de facto private bankruptcy presided over by the arbitrator...

> This concern is especially acute where the proofs of claim at issue amount to millions of dollars and constitute a sizeable portion of the estate, making the delays, extra expense, and preclusive findings arising from arbitration more likely to adversely impact the claims of other creditors in the underlying bankruptcy proceedings and related adversary proceedings...

> Thus, arbitration of Appellee's disallowance claim is more likely to result in the sort of piecemeal litigation and inconsistent findings that the Ninth Circuit has held to be in conflict with the purposes of the Code. *See Thorpe*, 671 F.3d at 1023 n.10. The Bankruptcy Court did not abuse its discretion.[61]

The Kirklands seek to shift the focus from *Thorpe*, the controlling Ninth

_____

[60] AER 1, p. 9.

[61] AER 1, p. 31.

Circuit case cited by the District Court, and also cited by the Kirklands in their District Court appeals, as well as *Eber*, to non-bankruptcy cases and a slightly different standard of review. The Kirklands cite to *Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013), a non-bankruptcy case, for the proposition that this Court reviews the District Court's decision *de novo* as to whether the District Court erred in deciding that the Bankruptcy Court rather than an arbitrator should determine issues of arbitrability.[62] This argument ignores *Thorpe* in that if this Court concludes that the Bankruptcy Court had discretion to deny the motion to compel arbitration, this Court reviews the Bankruptcy Court's exercise of that discretion only for abuse of discretion. *Thorpe* at 1019-1020. The Kirklands cannot alter the framework of review set forth in *Thorpe* by citing to decisions as to arbitration in non-bankruptcy cases.

The District Court properly held on appeal that the Bankruptcy Court was well within its discretion to deny the Motion, and that the Bankruptcy Court appropriately exercised that discretion. The Kirklands have made no showing that the Bankruptcy Court abused its discretion in denying the Motion, or that the District Court erred in finding on appeal that the Bankruptcy Court properly exercised its discretion.

---

[62] AOB, p. 33.

28

1.    **The Kirklands' Arguments That an Arbitrator, Rather than the Bankruptcy Court, Must Determine Whether the Agreements Should Be Arbitrated Is Contrary to the Ninth Circuit's Holding in *Thorpe***

The Kirklands contend that arbitrability issues "must be arbitrated when the parties' clearly and unmistakably provides for an arbitrator to decide those issues."[63]  Citing to several non-bankruptcy cases, *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), *Momot v. Mastro*, 652 F.3d 982, 987-88 (9th Cir. 2011) and *Oracle Am., Inc. v. Myriad Grp., A.G.*, 724 F.3d 1069, 1071, 1074-1075, 1077 (9th Cir. 2013), the Kirklands state that the standard is satisfied because the arbitration agreements "expressly state that arbitrability issues will be decided by arbitration" and "they incorporate the JAMS Streamlined Rules, which themselves provide that an arbitrator shall decide issues of arbitrability."[64]  In making this Argument, the Kirklands ignore the holdings in *Thorpe* and *Eber*, which hold that, as to core claims where arbitration conflicts with the underlying purposes of the Bankruptcy Code, the Bankruptcy Court has discretion to decline to enforce arbitration agreements. *See Thorpe* at 1021.  Although the Kirklands argue that substantive bankruptcy law is "irrelevant,"[65] *Thorpe* and *Eber* stand to the contrary.

---

[63] AOB, p. 21.

[64] AOB, pp. 21-22.

[65] AOB, p. 38.

The Kirklands also refer extensively to the "parties'" intent as to arbitration in the agreements between the Debtors and the Kirklands, and the incorporation of JAMS streamlined rules.[66] However, as set forth herein, and as noted by the District Court on appeal, the Trustee was not a "party" to agreements with the Kirklands.[67]

### 2. The Nature of the Trustee's Claims Does Not Change Based on the Trustee's Position as the Representative of the Debtors' Estate

Citing to *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005), the Kirklands argue that "the district court's reasoning ignores bedrock bankruptcy law that a Chapter 7 trustee is the representative of the debtor's estate and stands in the debtor's shoes, as well as that the trustee has no standing to assert claims directly on behalf of creditors of the estate."[68] The Kirklands conclude that the "fraudulent transfer claims are brought on behalf of the EPD estate, not the estate's creditors, and Rund remains bound by EPD's arbitration agreements with John and

---

[66] AOB, p. 34.

[67] The Kirklands also contend on appeal that the issue of whether creditors had arbitration agreements with the Debtors is a question of fact that the District Court failed to address (*see* AOB, p. 40.). However, the Kirklands did not present any argument at any point before the Bankruptcy Court or District Court that the Debtors' creditors have arbitration agreements with the Debtors, or as to why proofs of claim filed by the Debtors' creditors would not subject the creditors to the claims administration process before the Bankruptcy Court.

[68] AOB, pp. 22-23.

the Trust."[69] This is an argument cobbled together using general statements in

*Smith* as to the nature of a trustee's duties. *Smith* does not hold that the Trustee is

bound by the arbitration agreements entered into between the Debtors and the

Kirklands prior to the bankruptcy case simply because the Trustee is the

representative of the Debtors' bankruptcy estate pursuant to the Bankruptcy Code.

Such a proposition is also contrary to *Thorpe* and *Eber*.

Smith is a case that addressed a trustee's ability to bring common law claims

against third parties. *Smith* does not address fraudulent transfer claims,

disallowance or equitable subordination claims, the claims in the Trustee's pending

Second Amended Complaint against the Kirklands. The Trustee agrees that he is

the representative of the Debtors' bankruptcy estate. *See* 11 U.S.C. § 323(a). The

Trustee has standing to pursue fraudulent transfer claims as the successor to

creditors pursuant to 11 U.S.C. § 544 in conjunction with California Civil Code §

3439, *et seq.*, and based on the powers of a trustee pursuant to 11 U.S.C. § 548.

The Kirklands' argument confuses trustees' rights to the legal and equitable

interests of debtors as of the bankruptcy filing pursuant to 11 U.S.C. § 541(a)(1)

with trustees' avoidance powers as successors to creditors pursuant to Section V of

the Bankruptcy Code, and specifically 11 U.S.C. § 544. *See* Collier on

Bankruptcy, Fifteenth Edition Revised, Vol. 3, ¶ 323.03 [2], at 323–8-9. As held

---

[69] AOB, p. 23.

31

in *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149,
1155 (3d Cir. 1989), "[c]laims asserted by the trustee under section 544(b) are not
derivative of the bankrupt. They are creditor claims that the Code authorizes the
trustee to assert on their behalf."

### 3.   *Stern v. Marshall, Granfinanciera* and *Bellingham*

Following on *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir.
2012) ("*Bellingham*") *aff'd sub nom. Executive Benefits Ins. Agency v. Arkison*,
134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014) ("*Arkison*"), *Stern v. Marshall*, 131 S. Ct.
2594 (2011)("*Stern*"), and *Granfinanciera, S.A. v. Nordberg ("Granfinanciera")*,
492 U.S. 33 (1989), the Kirklands state that "Rund's fraudulent transfer claims are
the constitutional equivalent of non-core claims, with respect to which a
bankruptcy court has no discretion to deny a motion to compel arbitration..."[70]
Based on that argument, the Kirklands conclude that "[a]ccordingly, the
bankruptcy court lacked discretion to decline to compel arbitration, and erred in
doing so."[71]

This argument differs from the Poshow Kirklands arguments on appeal at
the District Court where Poshow Kirkland admitted that the claims were core
claims.  Poshow Kirkland stated in her District Court appellate brief that "[t]he

---

[70] AOB, pp. 50-51.

[71] AOB, p. 51.

Trust does not dispute that the proceedings at issue are "core" proceedings; however, this is not the appropriate inquiry at this stage. Rather, the appropriate inquiry is whether enforcement of the arbitration provision would inherently conflict with the Bankruptcy Code."[72]

As reflected in the Second Amended Complaint[73], the Trustee's claims against Kirkland are statutorily core fraudulent transfer claims[74] as to transfers made by the Debtors, and claims relating to disallowance or equitable subordination[75] of proofs of claim.[76]

*While Granfinanciera*, *Stern* and *Bellingham* alter the landscape as to the ability of bankruptcy courts to enter final judgment against non-creditors as to certain claims where there is no consent, there is no impact on the ability of the Bankruptcy Court to deny the Kirklands' motion to compel arbitration. *Bellingham* clearly holds that fraudulent transfer claims remain "in the core," that bankruptcy courts have the ability to propose findings of fact and conclusions of

---

[72] AER 4, p. 551.

[73] *See, generally,* Trustee's Second Amended Complaint, AER 2, pp. 89-116.

[74] The Trustee's fraudulent transfer claims are "core" claims pursuant to 28 U.S.C. § 157(b)(2)(H).

[75] The Trustee's claims regarding disallowance or equitable subordination of claims are "core" claims pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (C).

[76] The fraudulent transfer claims are brought pursuant to the Bankruptcy Code and the related provisions of the California Uniform Fraudulent Transfers Act, 11 U.S.C. §§ 544, 548, 550 and California Civil Code § 3439, *et seq.*

law, and that only the power to enter final judgment is altered:

> In sum, § 157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to "hear and determine" them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law. Only the power to enter final judgment is abrogated.

*Bellingham Ins. Agency, Inc.* at 565-566. This Court further held that:

> For these reasons, we conclude that bankruptcy courts have statutory authority to hear and enter proposed findings of fact and conclusions of law in a fraudulent conveyance proceeding asserted by a bankruptcy trustee against a noncreditor, subject to de novo review by a federal district court.

*Bellingham at* 566.

In addition, the District Court has reviewed the Bankruptcy Court's order denying the motion to compel arbitration and issued detailed findings affirming that ruling.

The Kirklands make a secondary argument pursuant to *Thorpe* that the purposes of the Bankruptcy Code do not conflict with compelling arbitration. The Kirklands contend that "[t]hose Bankruptcy Code purposes cannot be served in this case even if the claims are not arbitrated because the bankruptcy court lacks the constitutional power to decide the fraudulent transfer claims against John."[77] The rationale provided is that John Kirkland did not file a proof of claim in the Debtors' bankruptcy case and he has a Seventh Amendment right to jury trial, so

---

[77] AOB, p. 24.

34

adjudication of the fraudulent transfer claims will be decided by the District Court rather than the Bankruptcy Court, and piecemeal litigation is unavoidable.[78] However, as held in *Bellingham*, the Bankruptcy Court retains the power to propose findings of fact and conclusions of law on motions in the adversary proceeding against John Kirkland, even if he does not consent to have the matters heard and determined by the Bankruptcy Court. John Kirkland is re-arguing his previous motion to withdraw the reference, which the District Court denied, stating that:

> According to Defendant, the Court should immediately withdraw the reference because the bankruptcy court lacks jurisdiction to enter a final judgment in fraudulent conveyance claims against non-creditor defendants. (MTW 11.) The Ninth Circuit has held that "bankruptcy courts have statutory authority to hear and enter proposed findings of fact and conclusions of law in a fraudulent conveyance proceeding asserted by a bankruptcy trustee against a noncreditor, subject to de novo review by a federal district court." *In re Bellingham,* 702 F.3d at 566. "Such cases remain in the core, and the [28 U.S.C .] § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law." *Id.* at 565–66; *see also Field v. Wells Fargo Bank,* No. 12–510 SOM/BMK, 2012 WL 6651886 (D.Haw. Dec.20, 2012) (finding no reason to withdraw the reference because the bankruptcy court retained power to hear the case). Here, the Trustee seeks to avoid fraudulent conveyances between Debtors and Defendant. Even if Defendant has not filed a claim and has transferred all of his interests to BC Trust, he is considered a noncreditor under *Bellingham.* Thus, the case is properly before the bankruptcy court which can hear the case and enter proposed findings of fact and conclusions of law.

*In re EPD Inv. Co. LLC*, 2013 WL 5352953, at 4-5 (C.D. Cal. Sept. 24, 2013).

---

[78] AOB, pp. 24-25.

John Kirkland did not appeal the District Court's order denying his motion to withdraw the reference. As to Poshow Kirkland, she admits that she has filed multiple proofs of claim on behalf of the BC Trust. She is therefore a creditor against whom the Bankruptcy Court has power to enter final judgment. *See, e.g., In re PNP Holdings Corp.*, 184 B.R. 805, 806-807 (9th Cir. BAP 1995) aff'd, 99 F.3d 910 (9th Cir. 1996), as cited by the District Court on appeal. In addition, *Bellingham* specifically relates to non-creditors ("[t]aken together, *Granfinanciera* and *Stern* settle the question of whether bankruptcy courts have the general authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate. They do not."). *Bellingham* at 565. *See also Arkison* at 2170.

**4.    The District Court and the Bankruptcy Court Properly Concluded that Arbitration of the At-Issue Claims Would Conflict with the Underlying Purposes of the Bankruptcy Code**

Pursuant to *Thorpe* and *Eber*, the Bankruptcy Court had the discretion to decline to enforce the arbitration provisions. The District Court properly held that the Bankruptcy Court appropriately exercised its discretion, finding that enforcing the arbitration provisions would conflict with the purposes of the Bankruptcy Code. The District Court's order affirming the order denying the motion as to Poshow Kirkland concluded that "[a]ccordingly, the Bankruptcy Court was justified in exercising its discretion to decline to enforce the arbitration provisions

36

presented in the Motion because arbitration of Appellee's claims inherently
conflicts with the purposes underlying the Code." As to John Kirkland, the District
Court's order held that "[t]hus, arbitration of Appellee's disallowance claim is
more likely to result in the sort of piecemeal litigation and inconsistent findings
that the Ninth Circuit has held to be in conflict with the purposes of the Code. *See*
*Thorpe*, 671 F.3d at 1023, n. 10. The Bankruptcy Court did not abuse its
discretion."

The Kirklands argue that arbitration is appropriate, but do not present an
argument as to how the Bankruptcy Court abused its discretion in declining to
enforce the arbitration agreements. John Kirkland argues (with no similar
argument from Poshow Kirkland in their joint opening brief) that the fraudulent
transfer claims against him cannot be heard and determined by the Bankruptcy
Court because he did not file a proof of claim and because he has a right to jury
trial. John Kirkland asserts that piecemeal litigation is inevitable[79] because
fraudulent transfer claims must be arbitrated.[80] This argument is contrary to well-
established authority cited by the District Court in holding that the fraudulent
transfer claims belonged to creditors prior to the Debtors' bankruptcy case and are
not subject to arbitration agreements between the Debtors and the Kirklands. *See*

---

[79] AOB, p. 53.

[80] AOB, p. 26.

District Court's orders[81] and *Allegaert v. Perot*, 548 F.2d 432, 436 (2nd Cir. 1977);

*Hays*, 885 F.2d at 1155; *In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 191, 206-
207 (Bankr. S.D.N.Y. 2002). Further, pursuant to *Bellingham*, the Bankruptcy

Court maintains the ability to propose findings of fact and conclusions of law as to

the fraudulent transfer claims against John Kirkland to the extent that he is

determined to be a non-creditor, subject to de novo review by the District Court.

*Bellingham,*702 F.3d 553, at 566. The holding in *Bellingham* does not result in the

piecemeal adjudication that John Kirkland contends is inevitable.

The Kirklands further argue that "[t]he arbitrator can adjudicate the facts

underlying the entire dispute, including the disallowance/equitable subordination

claim, and the bankruptcy court will then be able to confirm the arbitration award

and implement it in administering the EPD estate."[82] This is precisely the "*de*

*facto* private bankruptcy presided over by the arbitrator"[83] that the District Court

found would conflict with the purposes of the Bankruptcy Code. Such a result is

contrary to the Bankruptcy Code provisions whereby the Bankruptcy Court

determines the allowance of claims or interests, and the priority and amount of

allowed claims. *See, e.g.,* 11 U.S.C. §§ 502, 506, 507 and 510(c). The Kirklands'

proposed result would not provide for centralized resolution of purely bankruptcy

---

[81] AER 1, pp. 15-32.

[82] AOB, p. 27.

[83] AER 4, p. 706.

38

**101**

issues and the need to protect against piecemeal litigation. *See Thorpe*, *Eber* and *In re Gandy*, 299 F.3d 489, 500 (5th Cir. 2002). As noted by the Bankruptcy Court in denying the motion to compel arbitration, it would result in an arbitrator, rather than the Bankruptcy Court, deciding bankruptcy law issues.[84]

The Kirklands have failed to establish that the Bankruptcy Court lacked the discretion to deny the Motion, and have failed to establish that the Bankruptcy Court abused its discretion in denying the Motion.

## V.   THE KIRKLANDS INCLUDE A MISLEADING ARGUMENT REGARDING THE DISTRICT COURT'S ORDER IN ANOTHER PENDING APPEAL

### A.   The District Court's Order Cited by the Kirklands Does Not Preclude the Trustee's Disallowance and Equitable Subordination Claims

In addition to their legal arguments, the Kirklands make an argument that appears to intentionally mislead this Court as to the District Court's Order in another appeal that was filed by the Kirklands in the Debtors' bankruptcy case.[85] The other appeal was in relation to the Kirklands' objections to a motion to approve a settlement pursuant to Fed. R. Bankr. P. 9019, and a good faith settlement finding pursuant to the terms of the settlement agreement. The

---

[84] AER 1, p. 9.

[85] This argument was also presented in the Kirklands' motion for judicial notice (Docket No. 24). The Trustee filed a limited opposition to that motion which discussed the misleading assertions as to the District Court's order in the other appeal (Docket No. 27).

Kirklands state in their opening brief that:

> "Importantly the district court held that Rund's release as to John 'prevents [Rund] from asserting future tort claims related to the events alleged in [the Second Amended Complaint]—the same events at issue in the released claims—against [Ann] or the BC Trust,' because '[a] plaintiff cannot recover damages and obtain equitable subordination for the same wrong.' (MJN 31.) Rund did not appeal from the district court's ruling."[86]

> Since Rund already settled his claims against John's former law firms and released John from liability based on the same conduct that forms the basis for the disallowance/equitable subordination claim against the Trust, Rund is precluded from bringing the disallowance/equitable subordination claim based on the same conduct which Rund has already been paid to settle, as the district court previously found (in an order that Rund did not appeal). (MJN 27-31).[87]

To get to the conclusion that the Kirklands argue for, the Kirklands paraphrase part of the District Court's order out of context. The part of the Order cited by the Kirklands refers to future tort claims of the Trustee:

> "Claim preclusion, moreover, prevents the Trustee from asserting future tort claims related to the events alleged in the SAC—the same events at issue in the released claims—against Appellant or the BC Trust...[88]

However, as held by the District Court in the immediately preceding paragraph in the order on the same page, the Trustee's disallowance and equitable subordination claims are not tort claims at all (and are also not future tort claims):

---

[86] AOB, p. 13.

[87] AOB, p. 28.

[88] Appellants' *Motion for Judicial Notice* (Document No. 24, the "RJN"), at Exhibit B, p. 31 (references to the RJN will be to the bates numbers on the bottom right corner of the page).

40

"…but disallowance and subordination do not sound in contract or tort; they are remedies created by the Bankruptcy Code, 11 U.S.C. §§ 502, 510.  The Trustee's claim for disallowance or subordination, therefore, does not create tort or contractual liability that can be apportioned through contribution or indemnity…"[89]

The District Court's order, Exhibit B to the Kirklands' motion for judicial notice, does not preclude the Trustee's disallowance and equitable subordination claims. The Kirklands' argument in their opening brief, and in their motion for judicial notice, attempts to mislead this Court.

### B. The Trustee's Settlements With Kirklands' Prior Law Firms Expressly Preserve the Trustee's Claims in the Second Amended Complaint

The Kirklands include another misleading argument that implies that the Trustee released the claims in the Second Amended Complaint.[90]  The Trustees' settlement agreements with Luce Forward and Greenberg Traurig, which agreements were approved by the Bankruptcy Court, expressly preserve the Trustees' claims against the Kirklands in the Second Amended Complaint.[91]  The Trustees' pending claims against the Kirklands have not been released.[92]

---

[89] RJN at Exhibit B, p. 31.

[90] AOB, p. 28.

[91] *See* footnote 41, *supra.*

[92] *Id.*

41

## VI. THE KIRKLANDS' ARGUMENT THAT THE TRUST CANNOT BE LIABLE FOR CLAIMS IS NOT SUPPORTED BY APPLICABLE AUTHORITY AND IS CONTRARY TO PUBLIC POLICY

The Kirklands also include an argument that seeks to shield the BC Trust from any claims. The Kirklands contend that the BC Trust is an irrevocable trust and cannot be held liable for John Kirklands' acts, citing *Laylock v. Hammer*, 141 Cal. App. 4th 25, 30-31 (2006).[93] However, as held by the Ninth Circuit in *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010) (citing *In the Marriage of Dick*, 15 Cal.App.4th 144 and Cal. Prob. Code § 15203), "It is well-settled that a trust created for the purpose of defrauding creditors or other persons is illegal and may be disregarded." The Ninth Circuit further held in *Schwarzkopf* that if a trust is formed for a fraudulent purpose, the statute of limitations is also extended. *Schwarzkopf* at 1037. The Kirklands are not permitted to shield fraudulent transfers by setting up an irrevocable trust. The issues regarding the BC Trust are issues that are properly adjudicated within the Adversary Proceeding against the Kirklands.

---

[93] AOB, p. 28.

42

## VII. <u>CONCLUSION</u>

Based on the grounds herein, and in the District Court's orders, the Trustee respectfully requests that this Court affirm the District Court's orders affirming the Bankruptcy Court's order denying the Kirklands' motion to compel arbitration.

Dated:  February 17, 2015

**EZRA BRUTZKUS GUBNER LLP**
STEVEN T. GUBNER
COREY R. WEBER
MICHAEL W. DAVIS

By: _____
COREY R. WEBER
Special Litigation Counsel for Appellee,
Jason M. Rund, Chapter 7 Trustee

**106**

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,
## AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 11,987 words (including the Certificate of

Compliance and Statement of Related Cases), excluding the parts of the brief

exempted by Fed. R. App. P. 32(a)(7)(B)(iii), made applicable herein by Ninth

Circuit Rules 28-1, 28-2, 28-3.

2.      This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), made

applicable herein by Ninth Circuit Rules 28-1, 28-2, 28-3, because this brief has

been prepared in a proportionally spaced typeface using Microsoft Word 2010, in

Times New Roman Font in 14 point size.


Dated:  February 17, 2015          **EZRA BRUTZKUS GUBNER LLP**
                                   STEVEN T. GUBNER
                                   COREY R. WEBER
                                   MICHAEL W. DAVIS


                                   By: _____
                                       COREY R. WEBER
                                       Special Litigation Counsel for Appellee,
                                       Jason M. Rund, Chapter 7 Trustee


44

**107**

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellee Jason M. Rund, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of consolidated Debtors EPD Investment Co., LLC and Jerrold S. Pressman (the "Debtors"), hereby states that the following cases are related to the within appeal. The following cases arise from the Debtors' consolidated bankruptcy case, Bankruptcy Court Case No. 2:10-bk-62208-ER.  Each of the related cases are presently pending in the Ninth Circuit Court of Appeals.

| Case No. | Case Name | Description of Relationship |
|----------|-----------|----------------------------|
| 14-56478 | *John Kirkland v. Jason M. Rund, Chapter 7 Trustee* | Arises out of the consolidated Cases in District Court, Case Nos. 13-08768, 13-09023. |
| 15-60012 | *Bank of America Corp., et al., v. Jason M. Rund, Chapter 7 Trustee* | Arises out of the same consolidated Bankruptcy Court Case No. 2:10-bk-62208-ER |
| 15-60013 | *Bank of America Corp., et al., v. Jason M. Rund, Chapter 7 Trustee* | Arises out of the same consolidated Bankruptcy Court Case No. 2:10-bk-62208-ER |

Dated:  February 17, 2015          **EZRA BRUTZKUS GUBNER LLP**
                                   STEVEN T. GUBNER
                                   COREY R. WEBER
                                   MICHAEL W. DAVIS

                                   By: _____
                                       COREY R. WEBER
                                       Special Litigation Counsel for Appellee,
                                       Jason M. Rund, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on **February 17, 2015**.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Mela Zepeda
MELA ZEPEDA

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Lewis R. Landau, Attorney at Law (SBN 143391)
22287 Mulholland Hwy., #318
Calabasas, CA 91302
Voice & Fax: (888)822-4340
Lew@Landaunet.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rund, Trustee | CASE NUMBER |
| **PLAINTIFF(S),** | 2:18-cv-01413-DSF |
| **v.** | |
| Kirkland et al. | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |
| **DEFENDANT(S).** | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of
Los Angeles _____, State of California, and not a
party to the above-entitled cause.  On September 25 _____, 20 18 _____, I served a true copy of
NOTICE OF MOTION AND MOTION BY DEFENDANTS TO WITHDRAW REFERENCE TO BANKRUPTCY COURT ETC.
by ~~personally~~ delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by ~~depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served.  Attach additional pages if necessary.)~~
ECF Delivery-See Attached NEF List
~~Place of Mailing~~: _____
Executed on 9/25 _____, 20 18 _____ at Los Angeles _____, California

Please check one of these boxes if service is made by mail:

☒   I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.
☐   I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.
☐   I hereby certify under the penalty of perjury that the foregoing is true and correct.

/s/ Lewis R. Landau
_____
**Signature of Person Making Service**

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
**Signature**                                              **Party Served**

**NEF Service List 9/25/18:**

Corey Ryan Weber     cweber@brutzkusgubner.com, ecf@brutzkusgubner.com

Larry Wayne Gabriel     lgabriel@brutzkusgubner.com, ecf@ebg-law.com

Lewis Raymond Landau     lew@landaunet.com

Michael Wolfe Davis     mdavis@brutzkusgubner.com, ecf@brutzkusgubner.com