# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re EPD Investment Co., LLC and JERROLD S.PRESSMAN, Debtors | CV 18-08317 DSF<br>CV 18-08323 DSF<br><br>Bankruptcy No.: 12-02424 ER |
| JASON M. RUND,<br>    Chapter 7 Trustee,<br>    Plaintiff,<br><br>v.<br><br>JOHN C. KIRKLAND, et al.,<br>    Defendants. | Order GRANTING Defendants' Motion to Withdraw Reference to Bankruptcy Court (Dkt. 1) |

Defendant John C. Kirkland, and Poshow Ann Kirkland, as Trustee of Defendant Bright Conscience Trust (BC Trust), move the Court to withdraw the reference of adversary proceeding No. 12-02424 ER to the bankruptcy court. Dkt. 1.[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion is GRANTED.

## I. FACTS AND PROCEDURAL BACKGROUND

This is one of several bankruptcy proceedings involving EPD Investment Co., LLC (EPD).

---

[1] All references to "Dkt." are to the docket of CV 18-8323 DSF, unless otherwise indicated.

Jerrold S. Pressman is the sole proprietor of EPD. Id. Jason M. Rund, the Chapter 7 Trustee (Rund), alleges EPD has not been profitable since before 2003. Id. Between 2003 and 2009, EPD allegedly lost money every year. See id. Rund also alleges that EPD has operated as a Ponzi scheme since 2003, specifically alleging that EPD used investments it received to pay existing creditors. Id. By 2009, EPD had allegedly stopped making payments to its creditors because it lacked cash infusions from new investors. Id.

John Kirkland served as Pressman's lawyer for his various ventures and allegedly invested money in EPD. Id. Rund's basic allegation is that Kirkland took various steps to hide EPD's financial condition. Id.

Rund brings six claims for relief against both Kirkland and the trustee of the BC Trust. See Case No. 2:12-ap-02424-ER, Dkt. 234, Fourth Am. Compl. (FAC). Rund's First Claim is for disallowance of proof of claim; the remaining claims are for avoidance and recovery of allegedly fraudulent transfers. See id.

On February 17, 2018, the bankruptcy court filed a Report and Recommendation (R&R) and proposed findings recommending this Court enter final judgment in favor of Rund as to some of the claims. This Court rejected the R&R and denied Rund's motion for reconsideration. Case No. CV 18-1413-DSF, Dkt. 22, 27.

After the instant motion was filed, Rund and Pressman moved the bankruptcy court to abandon the Second, Third, Fourth, Fifth, and Sixth Claims. Case No. BK 10-62208-ER, Dkt. 1278, at 3. The bankruptcy court denied the motion. Dkt. 21.

Kirkland demands a jury trial of the fraudulent conveyance claims, has not filed a proof of claim against the estate, and has not consented to a jury trial in the bankruptcy court. See Dkt. 21, Ex. 2, at 6.

## II.  DISCUSSION

### A.  Legal Standard

A "district court *shall* . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.  28 U.S.C. § 157(d)(emphasis added).  A "district court *may* withdraw, in whole or part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  Id. (emphasis added).  To determine whether there is cause for permissive withdrawal, a district court considers "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).

A bankruptcy court may not conduct a jury trial without the consent of the parties.  See 28 U.S.C. § 157(e).  If a defendant has preserved his right to a jury trial and does not consent to a jury trial in the bankruptcy court, the defendant has shown cause for withdrawal of the reference.  See id.; In re Healthcentral.com, 504 F.3d 775, 786 (9th Cir. 2007) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)).

### B.  Withdrawal of Fraudulent Conveyance Charges Against Kirkland

Kirkland has a right to a jury trial.  See Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990) (per curiam).  Because he has demanded a jury trial, has not filed a proof of claim against the estate, and has not consented to a jury trial in the bankruptcy court, he has a right to a jury trial conducted by the Court.

The Court, finding there is good cause, and finding this case is ready for trial, withdraws the reference to the bankruptcy court as to the claims against Kirkland.

## C. Withdrawal of Entire Action

Because of the common issues of fact and the overlapping nature of the claims against the BC Trust and John Kirkland, the Court finds judicial economy and the uniformity of bankruptcy administration, among other factors, would be best served by withdrawing the entire action. See Security Farms, 124 F.3d at 1008.

The Court withdraws the reference to the bankruptcy court as to the entire adversary proceeding.

## III. CONCLUSION

Defendants' motion to withdraw the reference to the bankruptcy court of adversary proceeding No. 12-02424 ER is GRANTED. The parties are to meet and confer and attempt to agree on a schedule for trial and pretrial matters, as indicated in the timetable attached to the Court's Order Setting Scheduling Conference, which can be found on the Court's website under Judges' Procedures and Schedules.

The completed timetable should be submitted to the Court no later than January 3, 2019.  A Scheduling Conference is set for January 14, 2019 at 11:00 a.m. **Lead trial counsel must attend.  The attorney who appears at the Scheduling Conference will be deemed to be lead trial counsel.**

   IT IS SO ORDERED.


Date: December 17, 2018

                                                Dale S. Fischer
                                                United States District Judge